Roman J. Binder, President and Local Liquor Control Commissioner of the Village of Hillside, Illinois, Plaintiff-Appellant, v. Illinois Liquor Control Commission of the State of Illinois, et al., Defendants-Appellees.

### Gen. No. 48,874.

First District, First Division.

December 31, 1963.

Patrick A. Barton and John J. Dillon, of Chicago, for appellant.

William G. Clark, Attorney General, of Chicago (William C. Wines, Edward A. Berman and A. Zola Groves, Assistant Attorneys General, of counsel), for defendant-appellee, Illinois Liquor Control Commission. Halfpenny, Hahn & Ryan, of Chicago (James F. Flanagan and Mary M. Shaw, of counsel), for defendant, Marino.

MR. PRESIDING JUSTICE ENGLISH delivered the opinion of the court.

This appeal is taken by the President of the Village of Hillside from an order of the Circuit Court affirming a decision of the Illinois Liquor Control Commission. Plaintiff, as Local Liquor Control Commissioner, had revoked the retail liquor license of Carmela Marino d/b/a Fitz's Hideout, but on review the Commission's order provided instead for a ten-day suspension of the license.

On April 11, 1961, the bartender of Fitz's Hideout was arrested for selling liquor to a minor. He was convicted of that offense on April 29, and no appeal was taken. On that same day, an order of revocation was issued by plaintiff, and served upon the licensee, for the unlawful sale of liquor to a minor in violation of Ill Rev Stats 1959, c 43, § 131, and pursuant to Ill Rev Stats 1959, c 43, § 187, by reason of the conviction of the bartender.

The license period expired by its terms on April 30, 1961. On May 5, the Board of Trustees of the Village passed an ordinance reducing the number of retail liquor licenses from 16 to 15. (Section 110.)*

On May 18, the licensee filed an appeal to the Illinois Liquor Control Commission to review by a trial de novo the action of the plaintiff in revoking her license.

On May 19, the son of the licensee attempted to present a check for $250 for a retail liquor license on behalf of his mother. He was refused an application, apparently on the ground that no license was available at that time due to the reduction in number of licenses by the ordinance of May 5.

The Illinois Liquor Control Commission heard the appeal on July 6, and on July 18 entered an order finding:

> That the evidence adduced at the hearings before the Commission showed the sale of alcoholic liquor to a minor of the age of 19 years but this evidence was not sufficient of itself, this being a solitary instance of a sale to a minor, to warrant a severe penalty of revocation of the appellant's local retail liquor license.

* Section citations throughout the opinion are to Ill Rev Stats, c 43.

The Commission, thereupon, modified the order of revocation to provide for a suspension of the license for ten days.

After denial of his petition for rehearing, plaintiff filed a complaint in the Circuit Court for administrative review. On February 8, that Court affirmed the order of the Commission, and this appeal followed.

■ Plaintiff advances four contentions: (1) that when the employee on licensee's premises was convicted of selling liquor to a minor, it became mandatory under Section 187 for the Local Liquor Control Commissioner to revoke the license; (2) that the Illinois Liquor Control Commission had no authority to alter or modify the order of revocation, but could only pass upon the propriety of the act of the Local Liquor Control Commissioner, under section 153; (3) that no administrative review had been obtained because the Circuit Court failed to consider the record before the administrative agency; and (4) that the appeal of the licensee to the Illinois Liquor Control Commission had become moot, there having been no license then available for issuance under the ordinance of May 5 which reduced the number of retail liquor licenses in the village.

To support his first contention that revocation was mandatory, plaintiff cites Section 187 which reads as follows:

> *Revocation of license when employee convicted—Forfeiture of bond and license fees.*
>
> Whenever any officer, director, manager or other employe (sic) in a position of authority of any licensee under this Act shall be convicted of any violation of this Act while engaged in the course of his employment or while upon the premises described by said license, said license shall be revoked and the fees paid thereon forfeited both

as to the holder of said license and as to said premises, and said bond given by said licensee to secure the faithful compliance with the terms of this Act shall be forfeited in like manner as if said licensee had himself been convicted.

Plaintiff reads this statute as though the sentence should be stopped after the words, "shall be revoked," thus disregarding the last phrase, "in like manner as if said licensee had himself been convicted." We read the section as a whole to mean that when an employee in a position of authority is convicted of a violation of the Liquor Control Act for an act done while engaged in the course of his employment, the local commissioner is empowered to revoke the license, as though the licensee himself had been convicted. The immediately preceding section of the statute (section 186) clearly states that upon conviction of the licensee, revocation is discretionary:

*Revocation of license after conviction—Forfeiture of bond and license fees—Effect of revocation.*
Whenever any licensee shall be convicted of any violation of this Act, the licenses of said licensee may, in the discretion of the State commission or of the local commissioner, (whichever has jurisdiction) be revoked and forfeited and all fees paid thereon shall be forfeited, and the bond given by said licensee to secure such licensee's faithful compliance with the terms of this Act shall be forfeited, and it shall thereafter be unlawful and shall constitute a further violation of this Act for said licensee to continue to operate under said license.

Thus, reading these two sections together, plaintiff's theory cannot stand. Plaintiff has demonstrated no reason why the penalty—i. e., mandatory, rather than

358

discretionary revocation—should be more severe when an employee is convicted than when the licensee himself violates the Act. We believe that what section 187 does is put responsibility for the offenses of an employee on the shoulders of the licensee. It also relates back to section 186 so that the last clause thereof prohibiting further operation under a revoked license will be applicable to the circumstances of Section 187.

Our reading is consonant with section 185, which provides that a licensee is punishable for his employee's violation of the Act, "in the same manner as if said act or omission had been done or omitted by him personally." It is also consistent with section 149 which establishes the basic general and revocation authority of the local commissioner, and provides for notice, hearing and appeal. That section provides that the "local liquor control commissioner *may revoke or suspend* any license issued by him," etc. (Emphasis supplied.)

Thus, the local commissioner was not compelled to revoke the license but was only empowered to do so in the exercise of his discretion.

The second contention—that the State commission cannot modify an order of the local commissioner—is no longer supported by statute. The 1955 Liquor Control Act, section 153, had provided for an appeal from a local commissioner's order to the State commission, "in which event the matter *of the propriety* of such order or action of such local liquor control commissioner shall be tried de novo as expeditiously as the circumstances permit." (Emphasis supplied.) This provision was interpreted to limit the power of the State commission to a "determination of the propriety of the order" rather than a complete trial do novo. (Attorney General's Reports and Opinions, 1956, p 44.)

Thereafter, in 1957, a statutory amendment expressly deleted the words "of the propriety" but retained this limitation in the case of municipalities of over 200,000 inhabitants. From this revision it appears that in a municipality the size of Hillside, containing fewer than 200,000 inhabitants, it is the legislature's express intent that the State commission, on appeal, shall conduct a full trial de novo, with a view to deciding (in part pertinent to this case) whether the license in question has been properly revoked or suspended, and shall then "enter an order in conformity with such findings." (Section 153.) We believe that the legislature thus contemplated that the scope of such an order might include, as it did in the case at bar, modification of the decision of the local liquor control commissioner. We believe further that in ascertaining this intent we should consider the entire act (Blattner v. Dietz, 311 Ill 445, 449, 143 NE 92) and in so doing we find confirmation of this conclusion in section 149 which refers to a decision of the State commission as "sustaining, reversing or modifying" the order of the local commissioner.

■ Plaintiff next contends that the Circuit Court failed to consider the record before the administrative agency and thus afforded no administrative review, as provided in section 154a. The case cited for this proposition, Hornstein v. Liquor Control Commission, 412 Ill 365, 106 NE2d 354, is distinguishable in that the Circuit Court there had specifically refused to consider the evidence to sustain the State commission, on the court's theory that the original revocation was invalid since no formal hearing had been conducted by the local commissioner. The Supreme Court held that such a hearing was unnecessary and sent the cause back for a trial, saying that there had been no administrative review where the court had given no

consideration to the evidence tending to show certain gambling operations in connection with a tavern.

Plaintiff's claim of no review in the case at bar is not supported by the record which discloses nothing to warrant a conclusion that the facts had not been presented to the court. We shall assume that the court considered them.

Plaintiff's final point is that the appeal should be dismissed as being moot. Defendants concede that the Village has the power to reduce the number of licenses (section 110; Schreiber v. Illinois Liquor Control Commission, 12 Ill2d 118, 145 NE2d 50) so that the particular license could not be reinstated by this court. Defendant licensee, nevertheless, has an important interest in this appeal because she could never obtain another liquor license in the State of Illinois if the license in question here were to stand revoked. (Section 120(7).) We, therefore, consider that this appeal is not moot.

We hold that revocation by the local commissioner was not mandatory; that the State commission had power to modify the order of the local commissioner; and that its decision had been given proper administrative review by the court. The judgment of the Circuit Court, sustaining the decision of the Illinois Liquor Control Commission, is therefore affirmed.

Affirmed.

MURPHY and BURMAN, JJ., concur.