City of Galesburg, Illinois, a Municipal Corporation, and Robert P. Cabeen, Local Liquor Control Commissioner of the City of Galesburg, Illinois, Plaintiffs-Appellants, v. Pete Spilios, d/b/a the DeLuxe Cafe, and State of Illinois Liquor Control Commission, Defendants-Appellees.

Gen. No. 64–64.

Third District.

April 14, 1965.

Hanlon & Ruedig, of Galesburg, for appellants.

Scott & Sebo, of Canton, for appellees.

CORYN, J.

This is an appeal by the City of Galesburg and its mayor, Robert P. Cabeen, as Local Liquor Control Commissioner, from an order of the Circuit Court of Knox County, affirming an order of the Illinois State Liquor Control Commission requiring said mayor to renew the retail liquor license of the defendant, Pete Spilios.

The defendant, Spilios, has owned and operated the DeLuxe Cafe in Galesburg since 1917, and has held a retail liquor license for this business since the repeal of prohibition. The licensing period for the City of Galesburg is from May 1 of each year to the following April 30. On April 25, 1963, Spilios filed application for renewal of his liquor license and tendered the necessary fee. On May 8, 1963, the mayor returned the defendant's check with a letter which stated: "You are hereby notified that I have determined that you do not qualify for a liquor license in the City of Galesburg, and your application for [a license] is hereby denied."

The mayor, in denying this application for renewal of a liquor license, was acting pursuant to ch 43, § 120 of Ill Rev Stats which directs that no liquor license shall be issued to a person who is not of good character and reputation in the community. No hearing was held before the Local Liquor Control Commissioner on this issue.

Spilios appealed this determination to the State Liquor Control Commission, which after a de novo hearing, pursuant to ch 43, § 153, Ill Rev Stats, on October 24, 1963, reversed the ruling of the mayor and directed that he renew the defendant's license. This ruling was then appealed by the mayor to the Circuit Court of Knox County, which affirmed the order of the State Commission.

The legislature has defined the scope of review by the State Commission on appeals from an order of the

Local Commissioner, and in doing so, has set varying standards for appeals from municipalities of different populations. Ch 43, § 153, Ill Rev Stats provides as follows:

1.   On appeals from an order of the Local Commissioner in municipalities under 100,000, the issue shall be tried de novo by the State Commission.

2.   On appeals from an order of the Local Commissioner in municipalities of 100,000 or more, but less than 500,000, there shall be no trial de novo by the State Commission, but the appeal shall be limited to a review of the record of proceedings before the Local Commissioner.

3.   On appeals from an order of the Local Commissioner in municipalities of 500,000 or more, if the appeal is from an order revoking or suspending a license, the review is limited to a review of the record of proceedings before the Local Commissioner, but if the appeal is from an order granting or refusing licenses, then the matter of the propriety of such order shall be tried de novo by the License Appeal Commission.

In Binder v. Illinois Liquor Control Commission, 45 Ill App2d 354, 195 NE2d 450, the Appellate Court had opportunity to interpret the meaning of the statute (§ 153) requiring a trial de novo of appeals to the State Commission from the Local Commission. The court stated in this case, at p 360, that, ". . . [I]t is the legislature's express intent that the State Commission, on appeal, shall conduct a full trial de novo, with a view to deciding whether the license in question has been properly revoked or suspended, and shall enter an order in conformity with such findings."

██  ██   It is clear, then, that the hearing in this case before the State Liquor Control Commission upon defendant's appeal was to be conducted as a trial de novo. The record in this case indicates that a full, fair and complete trial de novo was held before the State

Liquor Control Commission, at which trial all parties hereto had the opportunity, and in fact did, present evidence to the State Commission. After hearing this evidence, the State Commission entered its order directing the mayor to renew the retail liquor license of the defendant. This decision was then brought before the Circuit Court by reason of the Administrative Review Act. The scope of judicial review in the Circuit Court was correctly limited to a consideration of the record to determine if the findings and orders of the State Commission were against the manifest weight of the evidence. The court will not reweigh the evidence or make its own determination of the facts. Logan v. Civil Service Commission, 3 Ill2d 81, 119 NE2d 754.

It would serve no purpose here to summarize the evidence adduced at the hearing before the State Commission. We have thoroughly reviewed the record on appeal, and although there is some conflicting evidence, we cannot say that the findings of the State Commission are contrary to the manifest weight of the evidence. Consequently, the order of the State Commission is affirmed.

Affirmed.

ALLOY, P. J. and STOUDER, J., concur.