Robert L. Lorenson et al., Plaintiffs, v. County Board of School Trustees of Piatt County, Illinois, et al., Defendants.

Robert L. Lorenson, et al., Plaintiffs-Appellees, and County Board of School Trustees of Piatt County and Atwood Community Unit School District Number 39, of Piatt, Champaign, Douglas and Moultrie Counties, Defendants-Appellees, v. Lovington Community Unit School District Number 303, in Moultrie County, Defendant-Appellant.

Gen. No. 10,102.

Third District.

May 20, 1957.

Released for publication June 5, 1957.

John R. Morrow, of Springfield and Francis W. Purvis, of Sullivan, for appellant.

Robert P. Shonkwiler, of Monticello, for appellees.

JUDGE CARROLL delivered the opinion of the court.

Pursuant to the provisions of Art. 4B of the School Code, (Par. 4B—1 et seq., Art. 4B, Chap. 122, Ill. Rev. Stats., 1955) all of the legal voters in an area known as the White School which is a part of Lovington Community Unit School District No. 303, in Moultrie County, (hereinafter referred to as Lovington District), petitioned the County Board of School Trustees of Piatt County for detachment of said area from Lovington District and the annexation thereof to Atwood Community Unit School District No. 39, (hereinafter referred to as Atwood District).

A hearing on the petition resulted in an order denying the same. Thereafter the petitioners brought this action under the Administrative Review Act for a review of the decision of the Board of School Trustees. Joined as defendants in addition to the Board of Trustees were the Lovington and Atwood districts. Upon a hearing the Circuit Court of Piatt county reversed the decision of the Board of Trustees as being contrary to the manifest weight of the evidence and ordered the territory described in the petition detached from the Lovington district and annexed to the Atwood district.

The Lovington district, defendant below, brings this appeal contending that the decision of the County Board of School Trustees found ample support in the evidence and that the Circuit Court erred in determining otherwise. Determination as to whether there is merit in defendant's contention, entails examination of the evidence in the record as made before the board.

The area in controversy, comprising parts of five sections of land, is known as the White School area, which is a part of the Lovington district. It is served by a one-room school, in which six grades are taught by one

teacher and the attendance is 23 pupils. The one child of school age residing in the area attends this school. There is also both a grade and high school in the Lovington district which is located at Lovington, some 3 or 4 miles from the White School area. The facilities of the Lovington Grade School appear to be open to the children of the White School area. The Hammond Grade School in the Atwood district is about the same distance from the White School as is the Lovington Grade School. Due to the fact that the school building at Hammond was destroyed by fire, classes are conducted in a gymnasium which has been divided into rooms by dropping tarpaulins from the ceiling. The Hammond elementary enrollment is 156. A bond issue for a new Hammond school has been approved but the building has not been constructed. The estimated value of the Atwood district is $19,552,387; that of the Lovington district is $13,959.578 and that of the land described in the petition is $377,820. The school taxes lost to Lovington by transfer of the territory in question is approximately $4,350 and the gain in taxes by Atwood is about $4,860. In view of these figures, it cannot be said that there is any serious question of loss or gain in school revenue involved.

The record further indicates that both of the contesting districts are fully recognized by the office of the Superintendent of Public Instruction and are financially able to maintain good schools.

The number of witnesses testifying for and against the petition at the hearing were almost equal. The principal reason given by those favoring the granting of the petition is that all of the petitioners are part of the Hammond community, doing their trading and banking in Hammond. Other reasons advanced were that they were better acquainted in Hammond; that if their children attend the Hammond school the parents could participate in P. T. A.; that the Hammond

471

School was larger and offered better facilities; that when the new Hammond School is built, a new "ag" department will be added; that this new building program will make a gymnasium available for the physical education program and that it will also make possible a number of other programs. Typical of the testimony of these witnesses heard by the board is that given by Robert Lorenson, whose 10 year old son is the only child of school age in the petitioning area. When asked if he believed the transfer of the area from Lovington to the Atwood district would be in the best interests of his son and other children of the area, he replied in part as follows:

"I believe it is because I do business in Hammond and I associate more up there than at Lovington and I believe the Hammond school offers better facilities than Lovington. It is a bigger school and there's no trouble up there whatsoever. I'm acquainted with lots of people there and I like the way they handle things. They are going to have better 'ag' facilities there."

The principal complaint made against the Lovington district by the witnesses is that the White School is small; that it does not have a physical education teacher; that it has no recreational program and that because of the small number of pupils in classes there is little mental competition among them. However, none of the witnesses furnished the board with any facts tending to prove that the educational program of the White School was in any manner deficient.

The superintendent of the Lovington district testified for the defendant that the grade school at Lovington is accredited with the State Department of Education; that the Lorenson boy could go to this school if he so desired; that if the White School were closed, there would be facilities for all of its pupils at Lovington. A number of other witnesses also testified that the facilities of the Lovington School are available to the

472

Lorenson boy and if he chose to attend that school transportation would be furnished him.

The superintendent of the Lovington district testified that the White School is a brick building; that it is a one-class room, one-teacher school; that there is a cafeteria space and restrooms in the basement; that it has automatic gas heat and janitor service; that the teacher is a graduate of Texas-Christian University and is working toward her master's degree. This witness further testified that he visits the White School on an average of once a week; that there is no physical education program at the White School except that conducted by the teacher; and that going outside to play was about its only recreation program.

Upon consideration of the evidence introduced at the hearing, the board of trustees found that the granting of the petition would not be for the best interests of the two school districts, nor for the best interests of the students insofar as their educational welfare is concerned and entered an order denying the said petition.

In dealing with defendant's contention that the trial court erred in holding the board's decision to be contrary to the manifest weight of the evidence, reference to the function of the board of trustees in matters involving detachment of territory from one school district and the annexation thereof to another district becomes pertinent.

■ The power to create school districts, to alter the boundaries thereof or to abolish the same is lodged in the legislature. People v. Deatherage, 401 Ill. 25; People ex rel. McLain v. Gardner, 408 Ill. 228.

■ This legislative authority to change the boundaries of existing districts has been delegated to the County Board of School Trustees. Art. 4B of the School Code, (Pars. 4B—1 to 4B—26, Chap. 122, Ill. Rev. Stats., 1955). In exercising this authority such board

473

acts as the agent of the legislature and in so doing discharges a legislative function. People v. Deatherage, supra; Community Unit School District v. County Board of School Trustees, 11 Ill.App.2d 561. Sections 4B—1 and 4B—2 of the School Code provide for the initiating of proceedings for the detachment of territory from and the annexation thereof to an existing district by petition to the County Board of School Trustees. It is provided in Section 4B—4 that upon the filing of such a petition the board shall give notice of and conduct a public hearing thereon. The above Section 4B—4 also contains the following:

"The county board of school trustees shall hear evidence as to the school needs and conditions of the territory in the area within and adjacent thereto and as to the ability of the districts affected to meet the standards of recognition as prescribed by the Superintendent of Public Instruction, and shall take into consideration the division of funds and assets which will result from the change of boundaries and shall determine whether it is to the best interests of the schools of the area and the educational welfare of the pupils that such change in boundaries be granted, . . ."

In thus specifying the type of evidence that shall be heard and considered by the board on the hearing of the petition, the legislature has given the School Trustees a standard under which their administrative discretion may be properly exercised. School District No. 79 v. School Trustees. 4 Ill.2d 533.

Where, as in this case the record of the hearing indicates full compliance by the board with the requirement of the School Code that certain evidence be heard, it becomes obvious that the personal desires or convenience of the petitioners must not be regarded as controlling to the exclusion of all other material factors. The legislature has seen fit to enjoin upon the board the duty of ascertaining before it acts the

474

effect of its decision not only upon the particular territory described in the petition but also upon the schools of the surrounding area. As was said by the court in Trico Community v. County Board, 8 Ill.App.2d 494:

"The welfare of the affected districts and their pupils as a whole must control rather than the wishes of a few, and such petitions granted only where the benefit derived by the annexing and affected areas clearly outweighs the detriment resulting to the losing district and the surrounding community as a whole. To this end, therefore, the Courts, upon administrative review, have a duty to consider the record to see if the findings and decision of the administrative agency are supported by the evidence."

█ So far as the educational welfare of pupils who now or in the future reside in the territory is concerned, the evidence shows that their parents may, if they choose, send them to the school at Lovington. If the Lovington School is seriously deficient as an educational institution, proof of the fact was not offered on the hearing. The evidence shows the facilities of a larger school at Lovington is presently available to pupils of the White School. Since the school at Lovington apparently meets approved educational standards, there would appear to be little basis for the argument that the best interests of the children residing in the disputed territory requires transfer of such area to the Atwood district. Assuming, as the record justifies us in doing, that adequate facilities are available to the children of the White School area at a school within the Lovington district a decision by the Trustees to transfer such area to the Atwood district would appear to be arbitrary and without foundation. While it is contended by petitioners that their reason for desiring annexation to the Atwood district is the fact that the latter is in a position to furnish better school facilities, the record indicates that the basis

upon which transfer of the White School area is sought is the personal desires and convenience of the residents of the petitioning territory.

█ The burden of determining the several questions which were occasioned by the filing of the petition in this case, rested upon the County Board of School Trustees. In making such determination, the board was required to give due consideration to the standards under which its discretion may be intelligently exercised. The record here indicates compliance with such legislative requirement. Such being the case, the decision of the board should not be set aside upon administrative review unless manifestly against the weight of the evidence. A court is not privileged to substitute its judgment for that of an administrative agency if there be sufficient evidence in the record to support its findings. Smith v. Board of Education, 405 Ill. 143; Community Unit District v. County Board of School Trustees of Sangamon County, 9 Ill.App.2d 116.

Admittedly, the board of trustees was in a far better position than is this court to pass upon the several factors involved in this proceeding. They had the benefit of personally observing the witnesses and they could also draw upon their knowledge of the local situation as an aid in making their determination.

After careful consideration of this entire record, we are convinced that the decision of the County Board of School Trustees was not against the manifest weight of the evidence and that in so holding, the trial court erred. Accordingly, the judgment of the Circuit Court of Piatt county is reversed.

Reversed.