46 Ill. App.2d 64 (1964)
196 N.E.2d 724
Raymond B. Schwarze, Plaintiff-Appellee,
v.
Board of Fire and Police Commissioners of the Village of Franklin Park, Cook County, Illinois, and William F. Koerber, Chief of Police of the Village of Franklin Park, Illinois, Defendants-Appellants.
Gen. No. 49,121.
Illinois Appellate Court  First District, Second Division.
February 4, 1964.
Rehearing denied February 19, 1964.
Nicholas T. Kitsos, of Chicago, for appellants.
Norman E. Jacobson, of Franklin Park, for appellee.
MR. PRESIDING JUSTICE BURKE delivered the opinion of the court.
Defendants appeal from an order which on administrative review reversed the findings and order of discharge of the Board of Fire and Police Commissioners of the Village of Franklin Park. The proceedings before the Board were begun on May 10, 1962, by the filing of charges against Raymond B. Schwarze, a policeman, by William F. Koerber, Chief of Police of the Village. The charges, addressed to the Board, read:
"I have this day May 8, 1962, found it necessary to relieve Officer Ray Schwarze of his police duty *65 at 8:00 P.M. for the following charges, and also with this report file official charges
Violation of Rule 45 and 46:
That on the 8th day of May 1962, at the approximate hour of 8:00 P.M. at Police Headquarters, situated at 9545 W. Belmont Ave., Franklin Park, Illinois, Officer Raymond B. Schwarze, Star #9 was, then and there, while on duty in uniform, and having his service revolver on his person, drunk and intoxicated, in violation of Rule 45 and Rule 46 of the Rules and Regulations of the Police Department of the Village of Franklin Park, State of Illinois.
Violation of Rule 6:
That on the 9th day of May 1962, at the approximate hour of 4:00 P.M. at Police Headquarters, situated at 9545 W. Belmont Ave., Franklin Park, Illinois, Officer Raymond B. Schwarze, Star #9 did then and there absent himself from duty without lawful authority in violation of Rule 6 of the Rules and Regulations of the Police Department of the Village of Franklin Park, State of Illinois."
A detailed report accompanied the charges.
The hearing before the Board was conducted on May 29, 1962, in the Municipal Building at Franklin Park. Present were the Chairman of the Board and the two Commissioners. Nicholas T. Kitsos, Village Attorney and Hermes C. Kitsos appeared as attorneys for the defendants and the Village and Norman E. Jacobson, for the plaintiff. Chief Koerber and Patrolman Schwarze were present.
Plaintiff was not prejudiced by the additional detailed report attached to the charges. The members of the Board knew that this report was not to be *66 considered as evidence. Chief Koerber, Patrolman Schwarze, several police officers and two other persons testified about the facts which formed the basis for the charges.
The Board after considering the evidence returned written findings on June 20, 1962. These findings stated in part that "in violation of Rule 46 of the Rules and Regulations of the Franklin Park Police Department, he, Patrolman Raymond B. Schwarze, was on or about the 8th day of May, 1962, at the appropriate [approximate] hour of 8:00 p.m. at Franklin Park, Illinois, while on duty and in uniform and having his service revolver on his person, drunk and intoxicated. That concerning the charge of violating Rule 45, the testimony seems to indicate that Patrolman Raymond B. Schwarze was not in the same condition of intoxication when he came on duty at 4:00 p.m. on May 8, 1962, as he was later, at 8:00 p.m. of the same day. Consequently it seems reasonable to infer that he did drink intoxicating liquor between the hours of 4:00 p.m. and 8:00 p.m., on May 8, 1962. Therefore we find Patrolman Raymond B. Schwarze in violation of Rule 45 on said date of May 8, 1962."
Patrolman Schwarze was exonerated of violation of Rule 6, which regulated the manner in which absences from duty are to be reported. The Board concluded that the charges of being drunk on duty and of drinking on duty are amply supported by the evidence and plaintiff was discharged from his position as a patrolman.
The scope of review of the findings of administrative tribunals in the federal system is determined by 5 USC, 1009(e). The primary function of the courts with respect to review of administrative decisions is chiefly to insure compliance by the agency with applicable statutory and regulatory requirements and the courts will not review the wisdom of agency action. *67 Hofflund v. Seaton (CA 1959), 265 F.2d 363, 105 US App DC 171, cert den 361 U.S. 837.
The general rule in the federal courts is that administrative decisions will not be upset where there is substantial evidence in the record. Where a rational basis exists for the decision and the discretion of the agency is involved the decision will not be upset. The judicial function is exhausted when there is found to be a rational basis for the conclusion reached by the administrative body. Scripps-Howard Radio v. Federal Communications Commission, 316 U.S. 4; Canadian Pac. Ry. Co. v. United States, 158 F Supp 248.
An administrative agency's decision which is unsupported by substantial evidence, and which is arbitrary and capricious may be set aside on review but where such decision has a rational or substantial basis in evidence and law it may not be nullified by a reviewing court even though this court might have reached a different conclusion had it tried the case. National Labor Relations Board v. Minnesota Mining & Manufacturing Co., 179 F.2d 323.
Review of administrative findings in Illinois are governed by the Illinois Administrative Review Act. This act is patterned after the Federal Act and a similarly large body of law has developed in this State with respect to the scope of review upon appeal from administrative decisions. While the courts will review all questions of fact presented by the record a court is not privileged to substitute its judgment for that of the administrative agency if there is sufficient evidence in the record to support the agency's findings. Lorenson v. County Board of School Trustees of Piatt County, 13 Ill. App.2d 468, 142 NE2d 493; Jefferson Ice Co. v. Industrial Commission, 404 Ill. 290, 88 NE2d 837. The argument that the reviewing court, if it heard the case originally, might have reached a different conclusion from the same evidence *68 is irrelevant. Zinser v. Board of Fire and Police Commissioners of City of Belleville, 28 Ill. App.2d 435, 172 NE2d 33.
An appellate court, on review of administrative proceedings should not disturb the findings of fact of the administrative body unless these are manifestly against the weight of the evidence. This requires that an opposite conclusion be clearly evident. Rude v. Seibert, 22 Ill. App.2d 477, 483, 161 NE2d 39. Evidence in cases is often conflicting and the mere fact that an administrative agency rules on evidence which is conflicting cannot be made the grounds for reversal by a reviewing court. The review of the transcript must disclose a clear lack of substantial evidence. A careful review of the transcript in this case discloses no such lack of substantial evidence in the record. The mere conflict of testimony between the witnesses as to the appearance and behavior of plaintiff does not justify a conclusion on the part of the court that the findings of the Board were contrary to the manifest weight of the evidence.
The Police Board was the proper body for the receipt of evidence and a court cannot substitute its own judgment for that of the Board where substantial evidence was presented in the record.
The plaintiff by implication asserts that the Board did not give him a fair and impartial hearing and that the hearing was aimed at proving the guilt of the plaintiff and not at an inquiry to investigate the facts. The record shows that there was a full hearing occupying nine hours wherein the testimony of eleven witnesses was heard and where the right of cross-examination was fully exercised by plaintiff's counsel. We think that the Board accorded plaintiff a fair and impartial hearing.
The order of the Circuit Court is reversed and the cause is remanded with directions to reinstate the *69 order of the Board discharging Patrolman Raymond B. Schwarze.
Order reversed and cause remanded with directions.
FRIEND and BRYANT, JJ., concur.