Richard J. Daley, Mayor, as Local Liquor Control Commissioner, Plaintiff-Appellant, v. License Appeal Commission, et al., A. L. Cromin, Chairman, Clyde Burnette, Applicant, Defendants-Appellees.

Gen. No. 49,865.

First District, Third Division.

February 4, 1965.

John C. Melaniphy, Corporation Counsel, of Chicago (Sydney R. Drebin and Marvin E. Aspen, Assistant Corporation Counsel, of counsel), for appellant.

Howard T. Savage, of Chicago, for appellees.

MR. PRESIDING JUSTICE DEMPSEY delivered the opinion of the court.

Clyde Burnette, a defendant-appellee, has moved to dismiss this appeal on the ground that the case has become moot.

Burnette applied for a retail license for a package liquor store located at 7857 South Halsted Street, Chicago. The local liquor control commissioner refused to issue the license on the ground that Burnette lacked good moral character. Burnette appealed to the License Appeal Commission of the City of Chicago. The commission reversed the commissioner and denied his motion for a rehearing. The commissioner, in a proceeding under the Administrative Review Act, appealed to the Circuit Court. The court sustained the findings of the commission. The commissioner has appealed to this court.

The motion to dismiss the appeal states that events which occurred subsequent to the entry of the judgment have rendered the issues moot. The motion relates that Burnette has withdrawn his application for the retail liquor license, has requested the refund of his license fee and has relinquished the possession of,

and all right, title and interest in, the premises at 7857 South Halsted Street.

The plaintiff opposes the dismissal and argues that an "important question of public policy" is involved and that "It is no longer a question of whether Burnette desires to operate a liquor store at 7857 South Halsted Street. The question now is whether Burnette is a proper individual to possess a liquor license at any time in the future."

■■■ The general rule pertaining to mootness is that where the issues involved in the trial court no longer exist, the reviewing court will dismiss the appeal. People v. Redlich, 402 Ill 270, 83 NE2d 736. In Blue Bird Air Service, Inc. v. Chicago, 321 Ill App 531, 540, 53 NE2d 471, 475, the court said:

"It has been repeatedly held that a reviewing court should not be called upon to decide questions that no longer exist, merely for the sake of making a precedent or of deciding a case to settle a simple matter of costs, even though when the action was instituted an actual controversy existed, a change in circumstances rendering the issues moot or abstract requires a dismissal of the appeal."

■■■ Public interest is a recognized exception to the doctrine of mootness. If there is a compelling and substantial reason for public interest an appeal concerning a moot question need not be dismissed. In determining if there is the requisite degree of public interest certain criterions must be considered such as the "public and private nature of the question presented, the desirability of an authoritative determination for the future guidance of public officers, and the likelihood of future recurrence of the question." People ex rel. Wallace v. Labrenz, 411 Ill 618, 104 NE2d 769.

■ Judged by these standards, the contention of the plaintiff that an "important question of public policy" is involved must fall. The question really is a very narrow one concerning one individual's right to a license for a liquor store at the address stated in his application. Furthermore, it would be farfetched to say that a determination of this question is needed for the future guidance of public officials. ·

Burnette, although victorious before the appeal commission and the Circuit Court, has voluntarily withdrawn his application and no question is raised about his motive or intent in doing so.

■ If the zeal to brand him as an improper person to possess a liquor license at any time in the future is because of the fear that the judgment of the Circuit Court may be res judicata as to his fitness, should he again apply for a license, the fear is unfounded. If Burnette should apply for another license and if there should be another appeal to the commission, a new record would be made before that commission. A prior determination of an administrative body is not res judicata in subsequent proceedings before it. Illinois Power & Light Corp. v. Commerce Commission, 320 Ill 427, 151 NE 236; ILP, Administrative Law and Procedure, ch 2, sec 30. An administrative review agency has the power to deal freely with each situation that comes before it regardless of how it may have dealt with a similar or even the same situation in a previous proceeding. Mississippi River Fuel Corp. v. Illinois Commerce Commission, 1 Ill2d 509, 116 NE2d 394. The commission's prior adjudication would not estop the plaintiff from again challenging Burnette's character nor would it prevent the plaintiff from presenting to the commission additional evidence pertaining to his character, evidence which, in the present case, the plaintiff wanted the Circuit Court to consider

but which he failed to produce before the commission. If, following the commission's second determination, there should be a further appeal to the Circuit Court, a new record and a new cause of action would be presented to the court. In an administrative review proceeding the court's judgment is based on the record certified to the court by the administrative review agency. The court's prior judgment, having been based on a different record, would not be res judicata of the issue raised in the new cause of action: Burnette's fitness to have a license as of the date of his second application.

We have examined Binder v. Illinois Liquor Control Commission, 45 Ill App2d 354, 195 NE2d 450, relied upon by the plaintiff in opposing the motion to dismiss because of mootness and find it inapposite to the present case. In the Binder case a retail liquor license had been revoked by the commissioner because the licensee's bartender had been convicted of selling liquor to a minor. On appeal the Illinois Liquor Control Commission modified the order of revocation to provide for a ten-day suspension of the license. The local commissioner appealed to the Circuit Court which affirmed the liquor commission. In his appeal to the Appellate Court the local commissioner contended that the appeal had become moot because the number of licenses in the Village of Hillside had been reduced and there was no longer a license available to the defendant-licensee. The court rejected this argument because of the licensee's important interest in the appeal, stating that: "she could never obtain another license in the State of Illinois if the license in question here was to stand revoked. . . ." The Binder case has little relation to the present one. The plaintiff here has no comparable interest in the outcome of this appeal and there is no compelling public need at this time to find the appli-

cant an unfit person to hold a liquor license when it is merely conjectural whether he will again apply.

The substantive issue having been extinguished by the withdrawal of the license application and no actual controversy remaining between the parties, the defendant-appellee's motion will be allowed and the appeal will be dismissed.

Appeal dismissed.

SULLIVAN and SCHWARTZ, JJ., concur.