Sidney D. Bayer, Plaintiff-Appellee, v. Zoning Board of Appeals of the City of Chicago, Harry F. Chaddick, Morgan M. Finley, John P. Kringas, Hubert F. Messe, Cecil A. Partee, Members, John P. Maloney, Zoning Administrator of the City of Chicago, Sidney D. Smith, Building Commissioner of the City of Chicago, and City of Chicago, Defendants-Appellants.

Gen. No. 53,659.

First District, Third Division.

June 18, 1970.

Raymond F. Simon, Corporation Counsel of City of Chicago (Marvin E. Aspen and Stuart Sikevitz, Assistant Corporation Counsel, of counsel), for appellants.

No brief for appellee.

MR. JUSTICE McNAMARA delivered the opinion of the court.

This is an appeal by defendants from an order of the trial court reversing a decision of the Zoning Board of Appeals of the City of Chicago. The Zoning Administrator had denied plaintiff's application to erect a proposed structure on his property. Plaintiff then applied to the Board of Appeals for a variation from the requirements of the Chicago Zoning Ordinance. After a hearing the Board of Appeals denied the request for the variation. Plaintiff filed an action for administrative review in the Circuit Court, and that court entered a judgment reversing the decision of the Board of Appeals and allowing the variation requested by plaintiff. Defendants appeal from that judgment, contending that the Board of Appeals' determination that the variation should be denied was not against the manifest weight of the evidence.

Certain neighbors were given leave to intervene in the trial court. They participated in the hearing before the Board and in the proceedings in the trial court. They have also filed an appearance and brief in this court asking that the judgment be reversed.

Appellee has failed to file an appearance or answering brief in this court. While defendants request that we reverse the judgment without further explanation because of that failure, we have examined the record to determine the merits of the appeal.

The subject property is a through-lot located at 600 West Stratford Place, Chicago. A through-lot is one which goes from one street to another without an alley in between. The property measures 60 by 200 feet, is zoned R–7 and is bound by Stratford Place on the south and by Cornelia Avenue on the north. Plaintiff's proposed structure would consist of a building combining two T shaped units, with the legs of the T's approaching the respective streets. The building would be 14 stories high and have 82 apartment units.

The Chicago Zoning Ordinance (Municipal Code of Chicago 1965, c 194 A, § 7.9–6(a and b)) has alternate provisions governing the construction of a building on a through-lot which measures at least 125 feet in depth. There either must be: an unobstructed open strip located midway between the streets and running across the full width of the lot; or else an unobstructed open side strip along all adjacent lot lines. On the subject lot having a depth of 200 feet, the ordinance would require either an unobstructed median strip of 34 feet, or else unobstructed side strips of 22 feet on each side of the proposed building. However, the nature of the proposed structure would not permit compliance with either provision of the ordinance. Thus plaintiff sought a variation from the Board of Appeals.

At the hearing before the Board of Appeals, plaintiff testified that he paid $30,000 for the subject property in 1946. Plaintiff's expert witness, a real estate broker and appraiser, testified that if the variation were not granted, the property would be worth $110,000 to $120,000. He then testified that if the variation were granted the property would be worth $120,000 to $130,000. Subsequently he changed his testimony to state that if the variation were granted, the property would be worth $140,000 to $150,000.

Plaintiff's architect testified at the hearing that he never considered the possibility of erecting two separate

buildings on the property, one facing on Stratford and one facing Cornelia, although he recognized that this type of construction would be in compliance with the through-lot provisions of the ordinance.

The Alderman of the ward in which the property was located and two neighbors testified that a hardship and economic change would be created if the variation were granted. They also testified that the proposed structure would affect the light, air and heat of adjacent town-houses.

■■■■ On administrative review, the court's function *is* limited to ascertaining if the findings and decision of the administrative agency are against the manifest weight of the evidence. DeGrazio v. Civil Service Commission of City of Chicago, 31 Ill2d 482, 202 NE2d 522 (1964). A court cannot substitute its judgment for that of an administrative agency, and will not overturn administrative findings unless they are without substantial foundation in the record. Schwarze v. Board of Fire and Police Commissioners, 46 Ill App2d 64, 196 NE2d 724 (1964). Consequently we need only determine whether there was competent evidence to support the decision of the Board of Appeals.

■■■ We find that the decision of the Board of Appeals denying plaintiff's application for a variation from the provisions of the zoning ordinance of the City of Chicago was amply supported by the evidence, and that the trial court erred in reversing that decision.

Section 11.7–3 of the Chicago Zoning Ordinance provides that the Board of Appeals may not grant a variation unless the following three conditions are fulfilled:

"A. The property in question cannot yield a reasonable return if permitted to be used only under the conditions allowed by the regulations in the district in which it is located;

"B. The plight of the owner is due to unique circumstances; and

"C. The variation, if granted, will not alter the essential character of the locality."

The ordinance goes on to say that the Board of Appeals should grant a variation only if the "purpose of the variation is not based exclusively upon a desire to make more money out of the property."

While there was evidence presented to the Board of Appeals that there were no unique circumstances affecting the property and also that a granting of the variation would in fact alter the essential character of the locality, we deem it unnecessary to consider that testimony. We find that there was substantial evidence to justify the Board of Appeal's decision because of the clear showing that the property in question was yielding a reasonable financial return under the permitted use.

Plaintiff's own witnesses established that the value of the subject property had nearly quadrupled during his years of ownership. This considerable increase in value took place without the granting of a zoning variation. Plaintiff acquired the property in 1946 at a cost of $30,-000. His expert witness, a real estate broker and appraiser, testified before the Board of Appeals in 1968 that under its permitted use, the property currently was worth up to $120,000. Plaintiff did not, and obviously could not, introduce any evidence to show that a value of $120,000 did not constitute a reasonable return on the property. The only evidence that he introduced, accepting the revised testimony of his expert, was that he could add $30,000 to the property value if the zoning variation was granted. However the difference in the property value with or without the variation was irrelevant to the determination of the issue as to whether the

property was yielding a reasonable financial return under the existing zoning requirements. It is apparent that the subject property yielded a reasonable return without the variation. Therefore the Board of Appeals correctly denied plaintiff's application for the variation.

Accordingly, the judgment of the Circuit Court is reversed, and the cause is remanded with directions to the trial court to affirm the order of the Board of Appeals.

Judgment reversed and cause remanded with directions.

DEMPSEY, P. J. and SCHWARTZ, J., concur.