RAUL N. CEJA, Plaintiff-Appellant, v. STATE POLICE MERIT BOARD et al., Defendants-Appellees.

(No. 56766; ▇▇▇▇▇▇▇▇▇)

First District (4th Division)—May 16, 1973.

Edward Kaplan, of Kaplan and Kaplan, of Chicago, for appellant.

William J. Scott, Attorney General, of Chicago, (Paul J. Bargiel, Assistant Attorney General, of counsel,) for appellees.

Mr. JUSTICE JOHNSON delivered the opinion of the court:

The plaintiff appeals from order of the circuit court of Cook County upholding the decision of the State Police Merit Board which had ordered plaintiff's dismissal. He has appealed to this court, alleging the following points:

> A. The State Police Merit Board proceedings in the instant case must be regarded as criminal for purposes of application of Federal constitutional guarantees.

B. Illinois Revised Statutes 1967, chapter 121, section 307.14, required that the charges against the plaintiff be established by only a preponderance of evidence before an order of removal could be entered against him. However, the State Police Merit Board proceedings held in the instant case are "criminal proceedings" and the plaintiff's guilt had to be established beyond a reasonable doubt as failure to do so deprived the plaintiff of the equal protection of the laws to which he was entitled under the fourteenth amendment to the Federal constitution.

C. The decision of the State Police Merit Board was against the manifest weight of the evidence.

D. The decision of the State Police Merit Board was based on findings made by the board that were inconsistent and contradictory in such degree that they were not valid to support the Board's decision.

E. The plaintiff could not be suspended until after a proper hearing was held, and such is the clear meaning of Illinois Revised Statutes 1967, chapter 121, section 307.14.

F. The plaintiff was entitled to a speedy and public trial by a jury pursuant to the sixth amendment to the Federal constitution and article 2, § 9 of the Illinois constitution.

At about 12:50 A.M., on April 24, 1968, plaintiff observed James Smith on the highway with no red tail light. After checking with Smith, plaintiff discovered that the latter had no driver's license on his person. He permitted Smith to drive his car to Smith's home and went in with him. Smith was told that he would need $100 to post bond. Smith obtained the $100 from his wife and left home in the company of the plaintiff for the purpose of going to the police station to post bond. No bond was ever posted, no arrest record was made for Smith, and plaintiff gave Smith a warning notice for failure to have a proper tail light. Smith testified that he gave the $100 to plaintiff which the latter denied. State police officers are required to fill out daily activity reports which include the number of arrests made and the number of warnings issued. Trooper Ceja's activity report contains no record concerning Smith and a copy of the warning ticket was not turned into headquarters in accordance with rules. On June 18, 1968, plaintiff was suspended from duty by his superiors and a complaint was filed with the State Police Merit Board changing various violations of Illinois Revised Statutes 1967, chapter 121, section 307.16. The Board, at a hearing, made the following findings:

"1. * * * [W]e conclude that the respondent did not actually know that Smith had no driver's license until such time as he

arrived at the Smith home; that at that time respondent had a duty to issue Smith a traffic ticket, charging him with failure to possess a driver's license, arrest him and take him to the nearest station for posting bond; that the respondent did arrest Smith but failed to issue a traffic ticket or take him to the station to post bond, and in so doing violated his oath and pledge of office in failing to follow the commands of his superiors and in failure to enforce the laws of the State of Illinois. He also violated rule 160.100 of the State Police Rules and Regulations in failing to perform his duty as a Trooper to enforce all traffic laws. Further, he failed to perform the duties imposed upon him by Chapter 121, Section 307.16, Illinois Revised Statutes of 1967, providing that he is to enforce the provisions of the Illinois Motor Vehicle Law and an Act in Relation to the Regulation of Traffic, all as charged in paragraph number 9 of the Complaint.

2. That since his first actual knowledge that Smith had no driver's license was acquired at the Smith residence, he is not guilty of condoning, permitting, encouraging and directing a motorist known to be unlicensed to operate a motor vehicle on the highways of this State as charged in paragraph number 10 of the Complaint.

3. That respondent made an actual arrest of Smith when he took him from his home and started toward the Homewood Sheriff's Police Station without ever making any report to his commanding officer or district headquarters. He is, therefore, guilty of failing to submit as soon as possible, a full and complete report regarding the apprehension of, arrest of and other complete information regarding a traffic violator as required by the rules and regulations, Section 160.740, requiring Troopers to submit reports, and Section 62.410 and .411 which requires an officer making a physical arrest to immediately call his district headquarters, giving pertinent information on the case, all as charged in paragraph number 7 of the Complaint.

4. That the respondent is guilty of violating the rules and regulations of the Illinois State Police, exhibit 15, Section 1798.500, in failing to forward to his commanding officer a copy of the warning ticket issued to Smith for failure to have a red light, as charged in paragraph number 8 of the Complaint.

5. * * * When we consider all of these facts in addition to the fact that respondent released Smith after he had taken him into custody and arrested him we feel that this conduct militates against the story as told by respondent and tends to verify the story as told

by Smith, and that the evidence preponderates in favor of Smith's story. We, therefore, conclude that the respondent as charged, accepted money for the release of a person apprehended for violation of the law; withheld evidence or information pertaining thereto; took said money, knowing that the giver expected respondent to render him special treatment, all in violation of his oath and pledge of office pledging that his every act will exemplify honesty in thought, word and deed, and in disregard to the obedience of the command of his superiors; Section 62.639 of the Rules and Regulations providing that no officer may accept something of value for the release of any person apprehended for any law violation or the withholding of any evidence. or information pertaining to any illegal activity, and Section 599.000, rule 2 of State Police Rules and Regulations, providing that members of the State Police will not accept directly or indirectly from any person liable to arrest or to complaint or in custody, any gratuities, fees, or other compensation for services rendered in the line of duty, or as an inducement not to fully and completely discharge his duty, all as charged in paragraphs numbered 1, 2 and 4a of the Complaint.

6. That being guilty of the aforesaid matters, he is also guilty of a violation of the following rules and regulations of the Illinois State Police, to-wit: Section 62.880, listing the offenses which shall be considered grounds for discipline of any officers so offending; 62.881—Any and all conduct unbecoming a police officer; 62.883 —Neglect of duty; and 62.884—Inattention to duty.

7. That in giving a false written statement, Exhibit number 11, to his commanding officers he, in connection with an official investigation, is guilty of failing or refusing to make a complete and truthful statement, as charged in paragraph number 16 of the Complaint.

\* \* \*

After giving consideration to all of the facts, it is our unanimous decision that the Superintendent of State Highway Police is ordered to discharge respondent from the rolls of the State Highway Police as of the close of business June 18, 1968."

■■■ In *Drezner v. Civil Service Com.* (1947), 398 Ill. 219, 75 N.E.2d 303, the court said:

"We have also held that it is not within the province of the court to disturb the findings of fact made by an administrative

agency unless manifestly against the weight of the evidence, but, on the other hand, if the finding of the administrative agency is against the weight of the evidence, it is the duty of the court to set aside the decision of the administrative agency. *Illinois Central Railroad Co. v. Franklin County*, 387 Ill. 301; *Liberty Foundries Co. v. Industrial Com.* 373 Ill. 146; *Brotherhood of Railroad Train- men v. Elgin, Joliet and Eastern Railway Co.* 374 Ill. 60.

"\* \* \* [T]he charges in cases of this kind need be proved by only a preponderance of the evidence and need not be proved beyond a reasonable doubt. *Sundquist v. Hardware Mutual Fire Ins. Co.* 371 Ill. 360.

"It should be further borne in mind that while the proceedings in this particular cause are civil proceedings, conduct constituting a crime is charged. While we adopt and hold that the charge need only be proved by a preponderance of the evidence, in accordance with the rule heretofore enunciated, we believe that the evidence of guilt should be clear and convincing."

In *Schwarze v. Board of Fire and Police Comm'rs* (1964), 46 Ill. App.2d 64, 196 N.E.2d 724, the court said:

"Review of administrative findings in Illinois are governed by the Illinois Administrative Review Act. This act is patterned after the Federal Act and a similarly large body of law has developed in this State with respect to the scope of review upon appeal from administrative decisions. While the courts will review all questions of fact presented by the record a court is not privileged to substitute its judgment for that of the administrative agency if there is sufficient evidence in the record to support the agency's findings. *Lorenson v. County Board of School Trustees of Piatt County*, 13 Ill.App.2d 468, 142 N.E.2d 493; *Jefferson Ice Co. v. Industrial Commission*, 404 Ill. 290, 88 N.E.2d 837.

An appellate court, on review of administrative proceedings should not disturb the findings of fact of the administrative body unless these are manifestly against the weight of the evidence. This requires that an opposite conclusion be clearly evident. *Rude v. Seibert*, 22 Ill.App.2d 477, 483, 161 N.E.2d 39. Evidence in cases is often conflicting and the mere fact that an administrative agency rules on evidence which is conflicting cannot be made the grounds for reversal by a reviewing court. The review of the transcript must disclose a clear lack of substantial evidence. A careful review of the transcript in this case discloses no such lack of substantial evidence in the record. The mere conflict of testimony between

the witnesses as to the appearance and behavior of plaintiff does not justify a conclusion on the part of the court that the findings of the Board were contrary to the manifest weight of the evidence.

The Police Board was the proper body for the receipt of evidence and a court cannot substitute its own judgment for that of the Board where substantial evidence was presented in the record."

■■ Senior Circuit Judge Latham Castle of the U.S. Court of Appeals, 7th Circuit, said in *Linwood v. Board of Education* (1972), 463 F.2d 763, 770:

"The complaint does assail the constitutional adequacy of the hearing and decisional procedures because of failure to provide that to warrant expulsion the charge be proved beyond a reasonable doubt. But this presented a legal issue with respect to the standard of proof to be required—not a factual issue. Moreover, examination of the transcript demonstrates that the Board's conclusion was not contrary to the manifest weight of the evidence. And insofar as sufficiency of the evidence to sustain administrative action is concerned that is the recognized Illinois test. Cf. Drezner v. Civil Service Commission, 398 Ill. 219, 75 N.E.2d 303; Schwarze v. Board of Fire & Police Com'rs., 46 Ill.App.2d 64, 196 N.E.2d 724. And it presents no federal constitutional problem."

■■ The record reveals that plaintiff made no demand for jury trial at the hearing before the State Police Merit Board. Therefore, we need not pass on that question at this time.

■■■ The findings of the State Police Merit Board were not against the manifest weight of the evidence. The mere existence of conflicting testimony is not a sufficient basis to invalidate an administrative agency's decision as being against the manifest weight of the evidence.

■■ The State Highway Police Act (Ill. Rev. Stat. 1967, ch. 121, sec. 307.13) gives the superintendent of highway police the general right to discipline members of the State Highway Police and the specific right to suspend an officer for 30 days without filing any written charges or giving the suspended officer a hearing. Plaintiff was suspended by his superiors and proper charges were later filed in accordance with Section 14 of the Act.

For the foregoing reasons the order of the trial court upholding the decision of the Police Merit Board discharging plaintiff from his duties is affirmed.

Judgment affirmed.

ADESKO and DIERINGER, JJ., concur.