JOHN W. HAZELTON *et al.*, Plaintiffs-Appellees, *v.* THE ZONING BOARD OF APPEALS OF THE CITY OF HICKORY HILLS *et al.*, Defendants-Appellants.

First District (5th Division)    No. 76-484

Opinion filed April 22, 1977.

Joseph J. Kozlowski and John A. Smith, both of Chicago (Kozlowski & Smith, of counsel), for appellants.

Bernard J. McDonnell and Bernard J. McDonnell, Jr., both of McDonnell & McDonnell, of Chicago, for appellees.

Mr. JUSTICE MEJDA delivered the opinion of the court:

Defendant Charles Parsons, building commissioner of the City of Hickory Hills, denied the application of plaintiffs for a building permit for a room addition to their existing residence in the City of Hickory Hills (City). On appeal, the defendant, Zoning Board of Appeals of the City of Hickory Hills (Board), sustained the denial. Plaintiffs filed a complaint for administrative review and the circuit court reversed the decision of the Board.

On appeal, defendants contend: (1) that the Board may properly take notice in the instant hearing of its actions, findings and decisions from a prior variation proceeding involving the same property, construction, and applicants; and (2) that the Board's decision was not against the manifest weight of the evidence.

We affirm the trial court. The pertinent facts follow.

At prior proceedings held on June 14 and June 21, 1974, the Board at plaintiffs' request conducted a hearing for a rear-yard set-back variation of the City of Hickory Hills Zoning Ordinance, Ordinance 70-2, to construct a room addition to their existing residence, there designated as 8800 West 93rd Street. The Board denied the variation.

On January 31, 1975, plaintiffs submitted an application for a building permit, which designated the address of the property as 9250 South 88th Avenue. The defendant building commissioner denied the application on the same date, noting thereon "Variation for the room addition was denied by Hickory Hills Zoning Board of Appeals and this permit is therefore denied." On February 3, 1975, plaintiffs filed an appeal from the permit denial with the Board. The Board held hearings on March 31 and April 4, 1975.

At the permit hearing, plaintiffs introduced a plat-sketch showing the location of the existing dwelling and the proposed room addition. It

indicated a corner lot measuring 126.75 feet along the south line adjacent to 93rd Street; 82.07 feet on the east line adjacent to 88th Street; 127 feet on the north line; and 82.35 feet on the west line. It further indicated the existing residence with a "front yard" along 93rd Street having a depth of 30.3 feet, and a "front yard" along 88th Street of 19.78 feet; a "present side yard" of 23.75 feet and the "proposed side yard" of 10.25 feet on the north line (opposite the lot line on 93rd Street); and a "rear yard" 65.22 feet in depth on the west line (opposite 88th Avenue). The plat also stated the address of the property as "9250 S. 88th Ave. formerly 8800 W 93 St."

At the hearing before the Board plaintiffs additionally introduced into evidence their application for the building permit, the notice of appeal to the Board, and the Zoning Ordinance of the City of Hickory Hills. The only evidence introduced by defendants at the Board hearing consisted of the testimony of defendant Parsons that only he had a right to change an address in Hickory Hills.

The Board took the matter under advisement and issued its findings and decision on April 18, 1975, wherein it took notice of its prior denial of plaintiffs' variation request, stating in part:

"7. This board finds again that the rear yard of the appellants' property was established by the original plat of subdivision of the appellants' property, and has its frontage on 93rd Street, as more fully described in the records of this board's public hearing on the HAZELTON PETITION FOR VARIATION, and its finding of fact as aforesaid.

8. This Zoning Board of Appeals further finds that the proposed room addition for which the building permit was applied for was the same room addition that the variation was applied for, which said variation was denied.

9. This Zoning Board of Appeals of the City of Hickory Hills further finds that the Building Commissioner could not issue a building permit for the proposed addition for the reason that the issuance of said permit would have overruled the decision of this Zoning Board of Appeals of June 24, 1974, and that the respondent, CHARLES PARSONS, could only deny the permit."

The Board then sustained the denial of the plaintiffs' application for a building permit.

Plaintiffs thereafter filed a complaint for administrative review with the circuit court of Cook County. Defendants there presented a petition for leave to file as an additional part of the record a copy of the Board's prior decision denying plaintiffs' variation request. The petition was denied. Following a hearing upon the complaint for administrative review, the court reversed the Board's decision as being against the manifest weight of the evidence. Defendants have appealed the ruling of the trial court.

The primary issue on appeal is whether the Board properly based its decision upon matters which were not made a part of the record at the permit hearing before the Board. The Board argues that it acted properly since both the instant permit proceeding and the previous variation proceeding involved the same room addition, the same house, and the same parties. We disagree.

■■ It is well settled in Illinois that an administrative agency cannot base its decision upon facts, data, and testimony which do not appear in the record. (*City of Monmouth v. Environmental Protection Agency* (1973), 10 Ill. App. 3d 823, 295 N.E.2d 136, *modified*, 57 Ill. 2d 482, 313 N.E.2d 161 (1974); *North Shore Sanitary District v. Pollution Control Board* (1972), 2 Ill. App. 3d 797, 277 N.E.2d 754.) Findings must be based on evidence introduced in the case, and nothing can be treated as evidence which is not introduced as such. (*Smith v. Department of Registration & Education* (1952), 412 Ill. 332, 106 N.E.2d 722; *Chicago & Eastern Illinois Ry. Co. v. Commerce Com.* (1930), 341 Ill. 277, 173 N.E. 380.) The rationale for restricting findings to evidence produced at the hearing is that due process of law requires that all parties have an opportunity to cross-examine witnesses and to offer evidence in rebuttal. (*Smith v. Department of Registration & Education; North Shore Sanitary District v. Pollution Control Board*.) Plaintiffs in the instant case had no such opportunity to rebut the material relied upon by the Board in making its decision. Under such circumstances, we find that the Board acted improperly in basing its finding and decision upon information not in the record. As stated in *Des Plaines Currency Exchange, Inc. v. Knight* (1963), 29 Ill. 2d 244, 247, 194 N.E.2d 89, 91, *cert. denied*, 376 U.S. 969, 12 L. Ed. 2d 84, 84 S. Ct. 1136 (1964):

"It is fundamental that a decision pursuant to an administrative hearing must be based upon testimony and other evidence received at the hearing and that a conclusion influenced by extraneous considerations must be set aside. (Morgan v. United States, 298 U.S. 468, 56 S. Ct. 906, 80 L. Ed. 1288)."

Defendants argue, however, that these general principles should not be applicable in the instant case since the permit hearing at issue is really an extension of the former variation matter. The Board contends that under such circumstances it should be able to take judicial notice of the prior variation hearing, and plaintiffs should not now be allowed to circumvent the denial of a variation by applying for a building permit for the same room addition.

■■ Initially, it is well established that a prior determination by an administrative body is not *res judicata* in subsequent proceedings before it. (*Mississippi River Fuel Corp. v. Commerce Com.* (1953), 1 Ill. 2d 509, 116 N.E.2d 394; *Citizens Savings & Loan Association v. Knight*

(1966), 74 Ill. App. 2d 234, 219 N.E.2d 355; *Daley v. License Appeal Com.* (1965), 55 Ill. App. 2d 474, 205 N.E.2d 269.) An administrative body has the power to deal freely with each situation as it comes before it, regardless of how it may have dealt with a similar or even the same situation in a previous proceeding. *Mississippi River Fuel Corp. v. Commerce Com.; Citizens Savings & Loan Association v. Knight.*

■■ Secondly, if the Board in the instant case felt that the evidence and decision from its prior variation hearing was germane to the instant permit proceeding, it should have put such evidence into the record and allowed plaintiffs an opportunity to counter it. Whether the original testimony must be repeated or whether the transcript thereof is admissible depends primarily upon the availability of the witnesses. (See *Carpentier v. Goers* (1961), 23 Ill. 2d 246, 177 N.E.2d 858.) In the analogous case of *North Shore Sanitary District v. Pollution Control Board* (1972), 2 Ill. App. 3d 797, 277 N.E.2d 754, it was stipulated by the District that the Board could take judicial notice of its own files, records, and orders in making its decision. Nonetheless, the court upon review held that the Board could not properly base its decision upon such information without putting it into evidence at the hearing which was the subject of the appeal. As there stated:

> "Although this stipulation presented the Board with the authority to consider its files and records in making its determination, it was not an agreement that the Board could base its decision upon information not placed within the record. In light of the broad stipulation, the Agency could have included portions of its files and records but did not do so. Failure to do so preempted this Court from reviewing evidence that may have been considered by the Board in reaching its decision. Consequently, we have no alternative but to reverse the order of the Board." (2 Ill. App. 3d 797, 802, 277 N.E.2d 754, 757-58.)

A similar conclusion is appropriate in the instant case.

■■ Thirdly, there is no evidence in the record to support defendants' contention that the prior variation proceeding was even germane to the issues involved in the permit proceeding. The issues presented in an application for a zoning variation are not the same as the issues presented in an application for a building permit. (See *Foertsch v. Fox* (1949), 338 Ill. App. 208, 86 N.E.2d 900 (abstract).) Absent some showing that plaintiffs needed a variation from the City's zoning ordinance to construct the addition, the prior variation proceeding would be irrelevant to the permit issue. No such showing is evidenced in the record before us. Therefore, the trial court properly denied defendants' motion to add to the record on review the findings and decision from the prior variation hearing.

We also find no merit in defendants' contention that the Board's decision is not against the manifest weight of the evidence. The court's only function in reviewing orders of administrative bodies is to consider the record to determine if the findings and orders are against the manifest weight of the evidence. (*Parker v. Department of Registration & Education* (1955), 5 Ill. 2d 288, 125 N.E.2d 494; *Taylor v. Civil Service Com.* (1961), 33 Ill. App. 2d 48, 178 N.E.2d 200.) A court cannot substitute its judgment for that of an administrative agency, and will not overturn administrative findings unless they are without substantial foundation in the record. (*Bayer v. Zoning Board of Appeals* (1970), 126 Ill. App. 2d 374, 261 N.E.2d 791; *Schwarze v. Board of Fire & Police Commissioners* (1964), 46 Ill. App. 2d 64, 196 N.E.2d 724.) The trial court here correctly fulfilled its function based on the record properly before it. There was no evidence of a substantial nature which would support the Board's denial of plaintiffs' application for a building permit.

■■ The only evidence at the hearing of a substantial nature was introduced by plaintiffs. The mere fact, however, that there is no testimony or other evidence in opposition or rebuttal does not, in itself, authorize reversal of the Board's decision. (*Makel v. Zoning Board of Appeals* (1971), 2 Ill. App. 3d 360, 276 N.E.2d 485; *River Forest State Bank & Trust Co. v. Zoning Board of Appeals* (1961), 34 Ill. App. 2d 412, 181 N.E.2d 1.) Plaintiffs here must show compliance with the applicable ordinances in order to be entitled to a building permit. See *Tews v. Woolhiser* (1933), 352 Ill. 212, 185 N.E. 827; *cf. Makel v. Zoning Board of Appeals.*

■■■ An initial determination must be made as to whether the area of plaintiffs' lot in which the proposed room addition is located constitutes a side yard or a rear yard under the City's zoning ordinance. Section 4.05(4)(D) of the City's zoning ordinance provides that corner lots shall have two designated front yards, in particular:

"D. Front Yards for Corner Lots

A front yard of the required depth shall be provided on one of the two frontages and a second front yard shall be provided on the other frontage, provided that in any R-zone the second front yard need be only fifty (50) percent of the required depth for front yards in that zone."

Based on the above provision, defendants argue that, insofar as corner lots are concerned, there are also two rear yards and *a fortiori*, no side yards. Therefore, defendants contend that the proposed addition would be located in a rear yard. We disagree.

Section 3.02 of the zoning ordinance specifically provides which yard in a corner lot shall be considered the rear yard.

"YARD, REAR

A yard extending across the rear of a lot, measured between the side lot lines, and being the minimum horizontal distance between the rear lot line and the rear of the principal building or any projections other than the steps. *On corner lots the rear yard shall be considered as parallel to the street upon which the lot has its least dimensions at the opposite end of the lot from the front yard."* (Emphasis added.)

The ordinance makes no provision for two rear yards on corner lots, and any inference of such a provision would render the above ordinance definition of the rear yard for a corner lot meaningless. We would be forced to label it surplus verbiage, and clearly such a presumption of surplusage is impermissible under the traditional rules of statutory construction. (*Hirschfield v. Barrett* (1968), 40 Ill. 2d 224, 239 N.E.2d 831, *cert. denied*, 393 U.S. 1062, 21 L. Ed. 2d 706, 89 S. G. 716 (1969); *People ex rel. Barrett v. Barrett* (1964), 31 Ill. 2d 360, 201 N.E.2d 849.) Ordinances are construed under the same rules as statutes. (*Village of Park Forest v. Wojciechowski* (1963), 29 Ill. 2d 435, 194 N.E.2d 346; *City of Chicago v. Witvoet* (1975), 30 Ill. App. 3d 386, 332 N.E.2d 767.) Thus, a construction which would render any sentence, phrase, or word used in the ordinance superfluous, void, or insignificant should be avoided. (*Illinois Bell Telephone Co. v. Fox* (1949), 402 Ill. 617, 85 N.E.2d 43.) For these reasons, we find that in the instant case plaintiffs' sketch-plat correctly depicted the rear yard as being that yard on the west line of the lot, 65.22 feet in depth, parallel to and opposite the front yard located on the east line along 88th Avenue.

We also conclude that plaintiffs were correct in depicting the remaining yard, in which the room addition would be built, as a side yard. Section 3.02 of the zoning ordinance defines a side yard as follows:

"YARD, SIDE

A yard on the same lot with the principal building, situated between the side of a building and the adjacent side lot line and extending from the rear line of the front yard to the front line of the rear yard."

The yard in question in the instant case is presently 23.75 feet wide, and is located between the principal building and the adjacent side lot line to the north of the building. In addition, it extends between the front yard located on 88th Avenue and the rear yard of 65.22 feet which is parallel to 88th Avenue. Thus, the proposed room addition will be located within the side yard as defined in the City's zoning ordinance.

Plaintiffs' property is in the R-4 residential zoning district. The zoning ordinance, section 6.042, schedule 2, establishes the minimum side yard dimensions in the R-4 district at "10%." This percentage factor when applied to the total width of the lot along the east line on 88th Street,

namely 82.07 feet, establishes a minimum side yard requirement of 8.207 feet in width. The sketch-plat indicates that the side yard resulting after construction of the room addition will be 10.25 feet wide. This more than adequately meets the requirements of the ordinance, and therefore plaintiffs are entitled to a building permit for a room addition.

For the foregoing reasons, the judgment of the circuit court of Cook County is affirmed.

Affirmed.

SULLIVAN, P. J., and WILSON, J., concur.