AMERICAN FEDERATION OF STATE, COUNTY AND MUNICIPAL EMPLOYEES, COUNCIL 31, AFL-CIO, Petitioner, v. THE CHIEF JUDGE OF THE CIRCUIT COURT OF COOK COUNTY *et al.*, Respondents.

First District (6th Division)   No. 1—89—3093

Opinion filed January 18, 1991.

Cornfield & Feldman, of Chicago, for petitioner.

Jacalyn J. Zimmerman, of Illinois State Labor Relations Board, of Chicago, for respondent Illinois State Labor Relations Board.

Neil F. Hartigan, Attorney General, of Springfield (Robert J. Ruiz, Solicitor General, and Karen Michels Caille, Assistant Attorney General, of Chicago, and Margaret Kostopulos, of counsel), for respondent Office of the Chief Judge of the Circuit Court of Cook County.

JUSTICE McNAMARA delivered the opinion of the court:
Petitioner, American Federation of State, County and Municipal Employees, Council 31, AFL-CIO, appeals the decision of respondent,

Illinois State Labor Relations Board (State Board) granting the request of the chief judge of the circuit court of Cook County (Employer), to remove a previously certified bargaining unit consisting of approximately 40 employees functioning as juvenile probation officers (PO IIIs). On November 25, 1986, the State Board found that PO IIIs should not be included in petitioner's bargaining unit because they functioned as "supervisors" within the meaning of the Illinois Public Labor Relations Act (the Act) (Ill. Rev. Stat. 1985, ch. 48, par. 1601 *et seq.*).

On June 12, 1986, petitioner filed a representation petition with the Illinois Local Labor Relations Board (Local Board) seeking to represent three categories of probation officers (PO I, PO II, and PO IIIs) in a bargaining unit. (The only category at issue in this appeal is the status of PO IIIs.)

The Local Board hearing officer relied upon the supervisory test set forth in section 3(r) of the Act, which provides in relevant part:

> " 'Supervisor' is an employee whose principal work is substantially different from that of his subordinates and who has authority, in the interest of the employer, to hire, transfer, suspend, lay off, recall, promote, discharge, direct, reward, or discipline employees, or to adjust their grievances, or to effectively recommend such action, if the exercise of such authority is not of a merely routine or clerical nature, but requires the consistent use of independent judgment. Except with respect to police employment, the term 'supervisor' includes only those individuals who devote a *preponderance of their employment* time to exercising such authority State supervisors notwithstanding." (Emphasis added.) Ill. Rev. Stat. 1985, ch. 48, par. 1603(r).

The Local Board hearing officer found that PO IIIs performed principal work which was substantially different from that of their subordinates in directing, rewarding, and disciplining their subordinates and consistently using independent judgment in the direction of their subordinates. With respect to the phrase "preponderance of employment time," as set forth in the second sentence of section 3(r), the Local Board hearing officer construed that term to mean "majority of time" or "more than 50 percent" in accordance with Local Board standards. This interpretation differed from that of the State Board, which defines "preponderance" as the "largest single allotment." *City of Burbank*, 1 Pub. Employee Rep. (Ill.) par. 2008, No. S—RC—45 (ISLRB June 6, 1985).

The Local Board hearing officer concluded that PO IIIs spent only 30% of their time in supervisory activities, which is less than the "majority of time" standard adopted by the Local Board. (However, the 30% supervisory activity was sufficient to satisfy the State Board's definition of "preponderance.") Therefore, on May 13, 1987, the Local Board certified petitioner as the exclusive representative of all juvenile probation officers, including the PO IIIs.

On April 27, 1988, the State Board and Local Board, acting jointly (Joint Board), held that the county and the chief judge were joint employers of adult probation officers. (*County of Cook*, 4 Pub. Employee Rep. (Ill.) par. 2025, No. S—RC—87—113 (ISLRB Apr. 27, 1988).) The Joint Board determined that collective bargaining matters involving the chief judge and the county would be processed by the Joint Boards because the chief judge, a State official, was properly under the State Board's jurisdiction, while the county fell under the Local Board's jurisdiction.

On April 29, 1988, the Employer filed a petition for unit clarification with both the Local Board and the State Board. In that petition, the Employer sought to exclude PO IIIs on two grounds: (1) that due to changes in the evaluation instrument, PO IIIs would require additional time engaged in "supervisory" activities; and (2) recent changes in case law. The Employer relied upon the holding in *City of Peru v. Illinois State Labor Relations Board* (1988), 167 Ill. App. 3d 284, 521 N.E.2d 108, where this court reversed the Board's interpretation of the scope of "substantially different work" and evaluated certain activities as supervisory, and the holding in *County of Cook* as set forth above.

In January 1989, a hearing was held on Employer's unit clarification petition. The hearing officer limited the factual issue to whether there had been a change in the job duties of PO IIIs. The hearing officer did not include the entire transcript of the previous representation case held by the Local Board; rather, she relied upon the Local Board's final decision.

After the hearing (but prior to the Board's decision), our supreme court issued its decision in *Orenic v. Illinois State Labor Relations Board* (1989), 127 Ill. 2d 453, 537 N.E.2d 784, holding that the State, and not the county, is the sole employer of judicial employees. In recognition of *Orenic*, the Joint Boards transferred this matter to the sole jurisdiction of the State Board, as the county is not, according to *Orenic*, an employer of the PO IIIs.

Relying upon the supreme court's decision in *County of Kane v. Carlson* (1987), 116 Ill. 2d 186, 507 N.E.2d 482, the State Board hear-

ing officer found that judicial employees were among State employees, and that the exemption in the Act for State employees from the "preponderance" requirement included supervisors such as PO IIIs. The State Board hearing officer found that the unit clarification petition was properly before the State Board because of recent changes in the law that affected the bargaining rights of employees, and that PO IIIs' duties and responsibilities had not changed since the petitioner was certified. The State Board hearing officer concluded that because the PO IIIs functioned as supervisors under the Act, they should be excluded from the bargaining unit.

On October 25, 1989, the State Board accepted the recommended decision of the hearing officer and adopted it as its decision.

On appeal, petitioner contends that the State Board's decision concerning the Employer's unit clarification petition was barred by *res judicata* and collateral estoppel; that the Board erroneously construed the supervisory definition found in the Act because it did not include the "preponderance" test; and that the State Board's decision was not based on the record and that an adequate record was not developed for review.

█ Plaintiff's initial contention that Employer's unit clarification petition was barred by principles of *res judicata* or collateral estoppel is without merit. It is well established that a prior determination by an administrative body is not *res judicata* in subsequent proceedings before it. (*Hazelton v. Zoning Board of Appeals* (1977), 48 Ill. App. 3d 348, 363 N.E.2d 44, citing *Mississippi River Fuel Corp. v. Illinois Commerce Comm'n* (1953), 1 Ill. 2d 509, 116 N.E.2d 394; *Citizens Savings & Loan Association v. Knight* (1966), 74 Ill. App. 2d 234, 219 N.E.2d 355; *Daley v. License Appeal Comm'n* (1965), 55 Ill. App. 2d 474, 205 N.E.2d 269.) An administrative body has the power to deal freely with each situation as it comes before it, regardless of how it may have dealt with a similar or even the same situation in a previous proceeding. *Hazelton v. Zoning Board of Appeals*, 48 Ill. App. 3d at 352.

█ Therefore, we find that in this case the hearing officer correctly set forth the special conditions established by the Board in which it will find that unit clarification petitions are appropriate. One such condition exists where there has been a change in statutory or *case law* that may affect the bargaining rights of the employees. *State of Illinois, Departments of Transportation & Central Management Services*, 1 Pub. Employee Rep. (Ill.) par. 2011, Nos. S—RC—68, S—UC—12 (ISLRB June 21, 1985).

We conclude that the holding in *Orenic* constituted a substantial change in case law as required by the *Department of Central Management Services* analysis to warrant review of Employer's unit clarification petition. Although the decision in *Orenic* was filed after the hearing, the hearing officer properly relied upon it to determine that PO IIIs, as court employees, are subject to the sole jurisdiction of the State Board. Moreover, it is undisputed that the probation officers are employees of the chief judge, a State official, and are therefore State employees. *County of Kane v. Carlson* (1987), 116 Ill. 2d 186, 507 N.E.2d 482.

■ Petitioner contends, however, that the State Board erroneously construed the supervisory test by excluding the "preponderance" element. The hearing officer found that the sentence in section 3(r) of the Act which stated that "[e]xcept with respect to police employment, the term 'supervisor' includes only those individuals who devote a preponderance of their employment time to exercising such authority *State supervisors notwithstanding*" (emphasis added) (Ill. Rev. Stat. 1985, ch. 48, par. 1603(r)), did not present an interpretation problem, and that the State Board's prior determination in *Illinois Departments of Transportation & of Central Management Services*, 1 Pub. Employee Rep. (Ill.) par. 2025, Nos. S—UC—4, S—UC—20 (ISLRB Oct. 23, 1985), supported her position that State supervisors are exempt from the "preponderance" test. In that case, the State Board held that the inclusion of the "State supervisors notwithstanding" language in section 3(r) was ambiguous; therefore, the State Board construed the Act to exempt all State employees from complying with the "preponderance" test.

Petitioner disagrees and maintains that the phrase "State supervisors notwithstanding," an amendatory veto added by Governor James R. Thompson, is intended to subject judicial employees, such as PO IIIs, to the "preponderance" test. As support for its contention, petitioner cites the comments made by the sponsor of the Act, Representative Alan J. Greiman. Introducing the recommended changes, Representative Greiman stated that the Governor

> "has made it specific that *** supervisors in the public sector are different than supervisors in the private sector so that a substantial number of employees in the public sector are given titles to reward them, without giving them any real authority *** over other employees' wages, hours and working conditions, so that merely the name of that is not enough." 83d Ill. Gen. Assem., House Proceedings, November 2, 1983, at 180 (statements of Representative Greiman).

Petitioner further maintains that the ordinary meaning of the word "notwithstanding" is unambiguous and clearly does not exempt State supervisors from meeting the "preponderance" test. We agree with both of petitioner's arguments.

We find that *Illinois Department of Central Management Services* was incorrectly decided and decline to follow the State Board's conclusion that PO IIIs should be excluded from complying with the "preponderance" test. We hold that Representative Greiman's explanation of the amendatory veto provides a sound rationale of the Governor's intent. Representative Greiman stated that the amendatory language was added in recognition of the differences between supervisors in the private sector versus supervisors in the public sector, and that supervisors in the public sector are often given honorific titles without any real authority over other employees' wages, hours and working conditions.

More importantly, the ordinary meaning of the phrase "notwithstanding," is defined as "without prevention or obstruction from or by; in spite of." (Webster's Third New International Dictionary 1545 (1981).) Therefore, a literal interpretation of the phrase "notwithstanding" in the context of section 3(r) could only mean that the term "supervisor" includes only those individuals who devote a preponderance of their employment time to exercising such authority, in spite of their status as State supervisors.

■ Petitioner also maintains that there was no complete factual record upon which the State Board hearing officer could base a decision, and requests that we reverse and remand this cause to the State Board with instructions to develop a full record. Specifically, petitioner points out that the State Board hearing officer at the unit clarification limited introduction of the evidence to the change in job duties alleged by the Employer based on the new evaluation instrument, and did not look at all the evidence presented at the earlier representation proceeding.

We find that this case should be remanded to the State Board for development of a full record, in light of our determination that PO IIIs are not exempt from meeting the "preponderance" test in section 3(r). After the court's decision in *Orenic*, PO IIIs, as State employees, are subject to the sole jurisdiction of the State Board. The original representation hearing during which the Local Board hearing officer evaluated the percentage of supervisory activity of the PO IIIs was held over four years ago under the Local Board standard, which conflicts with that of the State Board.

Therefore, we reverse and remand the matter to the State Board for the development of a complete record in accordance with the State Board standards and for such further proceedings as are necessary.

Reversed and remanded with directions.

RAKOWSKI, P.J., and EGAN, J., concur.