(No. 51024.-

DELBERT E. WILLIAMS, Appellee, v. THE DEPART-MENT OF LABOR *et al.*, Appellants.

*Opinion filed May 18, 1979.*

William J. Scott, Attorney General, of Springfield (Joseph D. Keenan III, Assistant Attorney General, of Chicago, of counsel), for appellants.

Timothy E. Campbell, of Godfrey, for appellee.

MR. JUSTICE MORAN delivered the opinion of the court:

This matter arises out of a claim for unemployment insurance benefits, and involves, in this court, the authority of the administrative agency to limit the fee charged by the claimant's attorney. The Department of Labor appeals from an order of the circuit court of Madison County which declared section 1200 of the Unemployment Insurance Act (Ill. Rev. Stat. 1977, ch. 48, par. 530) to be an unconstitutional delegation of legislative power (Ill. Const. 1970, art. IV, sec. 1).

On August 22, 1976, Delbert Williams (claimant) filed a claim with the Division of Unemployment Insurance of the Department of Labor for the purpose of obtaining unemployment insurance benefits. The claim was denied by both the claims adjudicator and the referee. On March 7, 1977, the Board of Review of the Department of Labor decided that the claimant was ineligible for benefits on the ground that he had left work voluntarily without good cause. Within the requisite 35 days, the claimant, by his attorney, Timothy F. Campbell (attorney), filed a complaint for administrative review in the circuit court of Madison County. Following a hearing, the circuit court, on November 9, 1977, reversed the decision of the Board of Review, finding it contrary to the manifest weight of the evidence.

By way of a supplemental proceeding, the claimant's attorney, on November 16, 1977, sent the Board of Review a letter which requested that his attorney fee be approved and indicated that his fee was $750. While his fee request was still pending before the Board of Review, the attorney, in behalf of the claimant, petitioned the circuit court for a writ of *mandamus* to compel the Department to pay the claimant the benefits to which he was entitled. On January 17, 1978, the Board of Review sent the attorney a letter which stated that the Board had approved

the reduced sum of $500 as the permissible fee to be charged the claimant. Three days later, the claimant's employer petitioned the circuit court to reconsider and vacate its decision which had granted benefits to the claimant. Shortly thereafter, the attorney sent a letter to the Board of Review requesting reconsideration of the fee limitation. In this letter, the attorney notified the Board that he and the claimant had signed a document captioned "Authority to Represent," whereby the claimant ratified an agreement, made in April of 1977, to pay his attorney a contingent fee of one-third of his total recovery. The document stipulated that, contingent upon approval by the Board, the claimant was willing to pay $1,282 in accordance with the contingent-fee plan (his recovery totaled $3,848) and in consideration of the attorney's waiver of the $500 fee.

The circuit court, on February 22, 1978, denied the employer's petition to vacate and continued the claimant's petition for a writ of *mandamus* (notwithstanding acknowledgement by the claimant that he had received the $3,848 in benefits). Two days later, the Board of Review sent the attorney a letter stating that it was denying the attorney's request for reconsideration of the $500 fee limitation. Pursuant to this final decision by the Board, the claimant, by his attorney, filed an amended complaint in the circuit court. This amended complaint purported to be ancillary to the original action for administrative review and sought a reversal of the Board's fee limitation.

On May 29, 1978, the circuit court entered its order which found the applicable statutory provision to be "an unconstitutional delegation of legislative power to an administrative agency in that the delegation is overbroad without any standards or guidelines by which the agency should be governed in arriving at a decision as to attorney fees." In so finding, the court reversed the Board's decision and approved the contingent fee sought by claimant's

attorney. The Department's appeal was taken directly to this court pursuant to Supreme Court Rule 302(a)(1) (58 Ill. 2d R. 302(a)(1)). Because we hold that the claimant lacked standing to challenge the Board's decision to reduce the fee requested by his attorney, we do not reach the question of the validity of section 1200 of the Unemployment Insurance Act (Ill. Rev. Stat. 1977, ch. 48, par. 530).

At the outset, we note that this case has somehow gravitated toward a most peculiar procedural juncture. The trial court brief which accompanied the claimant's amended complaint indicates that the constitutional challenge was raised by the claimant, but in behalf of the attorney. In this court, however, the claimant, apparently recognizing the shortcoming of raising a constitutional challenge in behalf of another, addresses the constitutional issue in his own behalf. Either way, the case, in essence, involves an attorney, whose fee was limited by an administrative decision, being represented by his client, whose relief, if he prevails, is to pay $1,282 rather than $500 to the attorney. The claimant intimates that this procedural irony is inevitable because the matter of attorney fees under section 1200 of the Unemployment Insurance Act is a continuation of the original claim for unemployment benefits, to which the attorney was not a party.

Section 1100 of the Unemployment Insurance Act provides, in relevant part:

> "Any decision of the Board of Review *** shall be reviewable only under and in accordance with the provisions of the 'Administrative Review Act,' provided that judicial review thereof shall be permitted only after any *party claiming to be aggrieved* thereby has exhausted his administrative remedies as provided by this Act. *** *The term 'administrative decision' is defined as in Section 1 of said 'Administrative Review Act.'* " (Emphasis added.) (Ill. Rev. Stat. 1977, ch. 48, par. 520.)

Reference to section 1 of the Administrative Review Act reveals that an "administrative decision" is any determina-

tion of the agency "which affects the legal rights, duties or privileges *of parties* and which terminates the proceedings before the administrative agency." (Emphasis added.) (Ill. Rev. Stat. 1977, ch. 110, par. 264.) This court has consistently held that the right to review such administrative decisions is limited to parties of record before the administrative agency whose rights, duties or privileges were adversely affected by the decision. *Lake County Contractors Association v. Pollution Control Board* (1973), 54 Ill. 2d 16, 20; *222 East Chestnut Street Corp. v. Board of Appeals* (1956), 10 Ill. 2d 130, 132; *Winston v. Zoning Board of Appeals* (1950), 407 Ill. 588, 593.

An exception to the above rule is found in *Collins v. Industrial Com.* (1957), 12 Ill. 2d 200, where this court had an opportunity to construe a similar statutory limitation on attorney fees under the Workmen's Compensation Act (see Ill. Rev. Stat. 1955, ch. 48, par. 138.16). There, following the award of workmen's compensation benefits to a claimant, the Industrial Commission fixed the amount of fees sought from the claimant by the claimant's attorneys at $300. The attorneys, in their own behalf, sought review of the fee limitation. In response to the contention that review was limited to parties and that the claimant's attorneys were not parties, this court reasoned:

> "Even if the statutory jurisdiction of the circuit court was expressed in terms of parties, instead of in terms of issues, we think that the attorneys were parties to the supplemental hearing at which their fees were determined." (*Collins v. Industrial Com.* (1957), 12 Ill. 2d 200, 203.)

The sensible conclusion to be drawn is that when, as here, a statute allows for a supplementary proceeding and provides for a limitation of the fee which an attorney may charge a client, it is the attorney who logically proceeds as the real party in interest for the purpose of challenging the fee limitation. Practical application of the Unemployment

Insurance Act contemplates just such a procedure.

It is only a partial answer, however, to conclude that the proper procedure was for the aggrieved attorney himself to seek review of the Board's decision to limit his fee to $500. The precise question which we must resolve is whether it was a permissible, alternative procedure for the claimant to seek review of the Board's decision. We hold that it was not and that the claimant's lack of standing is fatal to the instant request for administrative review.

As previously stated, review of administrative decisions is limited to those who were both party to the agency proceeding *and* aggrieved by its decision. The claimant was, of course, a party to the Board's decision which denied him unemployment benefits and, we believe, a party to its decision which limited the fee of his attorney to $500. However, the claimant was not a party aggrieved by the Board's latter decision. The claimant stood only to benefit financially from the decision limiting the amount of fee which his attorney could charge him for services rendered. The claimant's interest regarding the attorney fee was adverse not to the Board's decision but to his attorney's attempt to nullify the fee limitation. Assuming that the attorney had sought review in his own behalf under the Administrative Review Act, the claimant would properly have been made a defendant, rather than a party plaintiff. Ill. Rev. Stat. 1977, ch. 110, par. 271.

Claimant maintains that his legal right to contract with an attorney, on terms agreeable to him, was adversely affected by the Board's decision which limited the fee to an amount less than that which he was willing to pay. Section 1200 of the Unemployment Insurance Act provides that a claimant may be represented by counsel or other duly authorized agent and that such counsel or agent may not charge or receive for such services an amount in excess of that approved by the Board. (Ill. Rev. Stat. 1977, ch. 48, par. 530.) Indeed, the "Authority to Represent,"

whereby the claimant waived the $500 fee limitation and agreed to pay one-third of his total recovery, was expressly made contingent upon approval by the Board. Consequently, the Board's decision to deny approval of the agreement and to retain the fee limitation at $500 was consistent with the terms agreeable to the claimant.

Finally, the claimant's reference to *Castleman v. Civil Service Com.* (1965), 58 Ill. App. 2d 25, is totally misplaced. There, the court held that an agency decision to reinstate a discharged policeman could not be contested on administrative review by an intervening taxpayer whose interest in the decision was no more direct or substantial than that of any other citizen. The claimant asserts that he, in contrast, has a direct interest in the outcome of the attorney fee matter. We do not dispute the claimant's interest in this matter. Obviously, he has a greater interest than the average citizen in the fee he must pay his attorney. However, the question is not whether claimant is directly involved in the Board's decision, but whether he is aggrieved by it. To that question, *Castleman* is inapposite.

For the reasons stated, we hold that the claimant lacks standing to seek administrative review of the Board's decision. As a result, we hereby vacate the judgment order of the circuit court and remand the cause with directions to dismiss the claimant's amended complaint for administrative review.

*Judgment vacated;*
*cause remanded,*
*with directions.*