RUTH E. NOVOSAD *et al.*, Plaintiffs-Appellants, v. JOHN E. MITCHELL *et al.*, Defendants-Appellees.

Fourth District   No. 4—93—0032

Argued June 17, 1993.—Opinion filed September 30, 1993.

John T. Pratt and John L. Pratt (argued), both of Pratt & Pratt, P.C., of Bloomington, for appellants.

Wayne P. Coffelt (argued), of Fleming, Messman & O'Connor, of Bloomington, for appellees.

PRESIDING JUSTICE STEIGMANN delivered the opinion of the court:

In October 1991, the superintendent of highways of McLean County (county superintendent) entered a final order granting a petition for the laying out of a new road. Plaintiffs sought administrative review of this decision, which the circuit court affirmed in December 1992. Plaintiffs now seek review of the circuit court's order, arguing that the county superintendent's order was against the manifest weight of the evidence. On appeal, defendants also question whether plaintiffs have standing to seek review of the county superintendent's decision and whether they failed to plead a cause of action. We affirm.

## I. BACKGROUND

In May 1987, 17 voters of Old Town Township, McLean County, Illinois, submitted a petition for the laying out of a new road, pursuant to section 6—303 of the Illinois Highway Code (Highway Code) (Ill. Rev. Stat. 1987, ch. 121, par. 6—303). The proposed road would run east and west, extending Lakewood Drive in Tanglewood Estates to Old Sawmill Road in Charter Wood Farms. The road commissioner conducted a public hearing on the petition in accordance with section 6—305 of the Highway Code (Ill. Rev. Stat. 1987, ch. 121, par. 6—305) and denied the petition, concluding that no evidence was presented that the proposed road was in the public and economic interest of the township or that its benefit justified the cost to the township.

In July 1987, three of the original petitioners appealed the road commissioner's decision to the county superintendent of highways. In October 1987, Herbert W. Bekermeier, then county superintendent, held a public hearing pursuant to section 6—306 of the Highway Code, addressing the appeal. (See Ill. Rev. Stat. 1987, ch. 121, par. 6—306.) After reviewing the evidence, Bekermeier found that the petitioned-for road would be in both the economic and public interest of the township and reversed the decision of the road commissioner. Specifically, he found that the proposed road "would provide separate accesses of ingress and egress to the subject subdivision rather than the one access that is presently drawn on the subject preliminary plat, such being a matter of safety regarding all residents therein."

Condemnation proceedings were thereafter instituted to procure the land necessary for the construction of the proposed road (Old

Town Township Road District v. Koehler (Cir. Ct. McLean County No. 90—ED—1)). (See Ill. Rev. Stat. 1991, ch. 121, par. 6—309.) After determining the amount of damages, John Mitchell, the new county superintendent held a final administrative hearing regarding the proposed road in September 1991, pursuant to section 6—311 of the Highway Code (Ill. Rev. Stat. 1991, ch. 121, par. 6—311). At the beginning of the hearing, Mitchell indicated that letters expressing views on the project could be submitted after the hearing and would be considered if received by noon on October 3, 1991. In October 1991, Mitchell entered a final order affirming the November 1987 decision to build the proposed road. Specifically, the order stated:

"WHEREAS, all of the evidence presented at the administrative hearings and at the circuit court trial and proceedings have been reviewed, and all of the opinions and wishes expressed by the subject residents have been fully considered.

WHEREFORE, the County Superintendent of Highways of McLean County finds the following:

A) The public safety interests of the township residents of the immediate subject area will well be served; and,

B) The costs of constructing such road will include the jury decreed compensation and damages; and,

C) The laying out of the proposed extension of Lakewood Drive will be in the public and economic interests of the township; specifically, the providing of an alternate access of ingress and egress to both the subdivisions of Tanglewood Estates and the Third Addition to Charter Wood Farms Estates, rather than the present single access available to each which is a matter of safety regarding all residents therein."

In November 1991, plaintiffs filed a complaint for administrative review, which the court dismissed upon defendants' motion. In March 1992, plaintiffs filed an amended complaint, and John Mitchell thereafter filed a motion to strike and dismiss the amended complaint. Defendant alleged, *inter alia*, that (1) plaintiffs were improper parties to the proceedings because they lacked standing to sue; (2) the complaint failed to allege specific facts regarding whether any of plaintiffs' rights, privileges, or duties had been or would be adversely affected by the subject administrative action; and (3) defendants were improper parties because no specific facts were alleged establishing them to be parties. After a hearing, the court denied defendant's motion.

In December 1992, the circuit court affirmed Mitchell's October 1991 order, finding that (1) plaintiffs had standing to bring the admin-

istrative review action, and (2) Mitchell properly considered evidence presented at the public hearings in September 1991 and October 1987. The court also stated that because the intent to consider such evidence was announced at the beginning of the September meeting and no objection was raised, any objection to that evidence had been waived. It further found that Mitchell properly considered the condemnation proceeding because it affected the economic aspects of the project concerning the source of funds for its cost. Moreover, the court concluded that nothing in the statutory scheme prohibited considering the material, and thus a similar waiver situation existed. The court also determined that Mitchell did not err by soliciting or considering letters for or against the petition after the hearing because many of the expressed opinions and views were those expressed at the hearing, and no objection was made to the submission of these letters.

In determining the advisability of a project, the court found that Mitchell could have relied on the extensive evidence which showed that the proposed road extension would provide better access for police, fire, ambulance and snow plow vehicles, in addition to the evidence about sources of revenue for the costs of the road. Therefore, the court held Mitchell's decision was not against the manifest weight of the evidence. This appeal followed.

## II. Plaintiffs' Standing

Defendant Mitchell argues that plaintiffs lack standing to bring this administrative appeal because they are not directly or adversely affected by the decision to lay out the new road connecting the two subdivisions. He alleges that they only offered opinions and speculation regarding any negative impact the proposed road would have on them, which is insufficient to establish standing.

Section 6—315a of the Highway Code, which provides the statutory requirements for obtaining review of a county superintendent's final decision, reads as follows:

> "Any 3 persons who, at a hearing conducted by the county superintendent of highways pursuant to Section 6—306, 6—311 or 6—312 of this Act, have been permitted to appear, in person or by counsel, and to introduce evidence and cross[-]examine witnesses, may (if they are qualified petitioners, or have raised objections at a hearing pursuant to Section 6—311 or 6—312 of this Act and will be directly and adversely affected by such proposed alteration or vacation) obtain judicial review of such final administrative decision of the superintendent (meaning his final

order denying the petition after a hearing pursuant to Section 6—306, or granting or denying the petition after a hearing pursuant to Section 6—311 or 6—312, to be filed in the office of the district clerk after the hearing) pursuant to the Administrative Review Law ***." Ill. Rev. Stat. 1991, ch. 121, par. 6—315a.

Plaintiffs attended and raised objections to the petition at both the section 6—306 hearing in October 1987 and the section 6—311 hearing in September 1991. Under section 6—311 of the Highway Code, legal voters residing within two miles of the proposed road who will be directly and adversely affected by the change requested in the petition may appear and introduce evidence at that hearing. (Ill. Rev. Stat. 1991, ch. 121, par. 6—311.) In their amended complaint, plaintiffs alleged that they were all legal voters residing within two miles of the land involved in the proceedings and would be adversely affected by the laying out of the new road. Based on their testimony at the hearings, plaintiffs maintained that they would be adversely affected due to the increased traffic and traffic speed through the subdivision, thereby endangering the residents and depreciating property values in the subdivision. Moreover, they alleged that they would be adversely affected due to an increase in taxes to construct and maintain the road and the negative effect the road would have on their quality of life.

Here, plaintiffs have met the statutory requirements for judicial review. Plaintiffs appeared at the hearings, introduced evidence, and raised objections. They also would be directly and adversely affected by such proposed construction of the new road. Consequently, we find that plaintiffs fall within the class of persons eligible to obtain judicial review within the provision. See *McCue v. Brown* (1974), 22 Ill. App. 3d 236, 239-40, 317 N.E.2d 398, 401.

### III. SUFFICIENCY OF PLEADINGS

Defendant next contends that plaintiffs failed to specifically allege facts which would indicate that they would be adversely affected by a decision to grant the petition, and they therefore failed to plead a cause of action. (See Ill. Rev. Stat. 1991, ch. 110, par. 2—615.) Defendant argues that any claims by plaintiffs that they were adversely affected by the administrative decision were speculative and insufficient to state a cause of action. Moreover, they failed to allege that they suffered a unique damage or injury as the direct result of the proposed road—ostensibly the same argument defendant made in contending that plaintiffs did not have standing.

A complaint in an action brought under the Administrative Review Law (see Ill. Rev. Stat. 1991, ch. 110, par. 3—101 *et seq.*), any other statute, or common law must state a cause of action. (*Winston v. Zoning Board of Appeals* (1950), 407 Ill. 588, 592, 95 N.E.2d 864, 868.) To do so, plaintiffs must allege specific facts showing that they were parties to the administrative proceedings which adversely affected their rights, privileges, or duties. *Winston,* 407 Ill. at 595, 95 N.E.2d at 869.

In the amended complaint for administrative review, plaintiffs alleged that they were property owners residing within two miles of the property to be taken for building the proposed road and that they had raised objections to the petition at public hearings. They further stated they would be adversely affected by the decision to build the road. Specifically, they alleged the following:

"5. That [plaintiffs] are each legal voters residing within two miles of a portion of the road, the subject matter of said administrative decision, have raised objections at the hearing held pursuant to Sec. 6—311 of The Act and the prior hearings and will be directly and adversely affected by the proposed laying out, widening or alteration of the road.

* * *

12. That the evidence presented at the hearing conducted pursuant to Sec. 6—311 of The Act and the prior hearings was that the streets in both Tanglewood Estates Subdivision and Charter Wood Farms Subdivision are without curbs and gutters and without sidewalks, that there are no street lights in place in either subdivision, that there are developed playground areas in Charter Wood Farms Subdivision for the use of the children in the subdivision, consisting of a swimming pool, playground equipment, picnic and other facilities, and less developed playground facilities in Tanglewood Estates Subdivision; that the proposed laying out, widening or alteration of the street and the connection of the two streets across the private residential lot will result in a substantial increase in traffic and traffic speed through each subdivision to the danger of the residents of each subdivision, including children, and to the deprivation of the property values of the properties in each subdivision, thereby directly and adversely affecting the residents and children of each subdivision, including the Plaintiffs and the Defendants * * *.

13. That the evidence presented at the hearing conducted pursuant to Sec. 6—311 of The Act is to the effect that the cost

of the proposed laying out, widening or alteration is estimated to be approximately 62% of the entire 1991-1992 Road and Bridge Fund of the township, even though the use of the street, following the proposed laying out, widening or alteration, will be primarily local.

14. That the public safety interests of the township residents of the immediate subject area will be detrimentally affected by the proposed laying out, widening or alteration.

15. That the proposed laying out, widening or alteration will be contrary to the public and economic interests of the township."

■ Although the proposed road may ultimately prove to not endanger the safety of the residents in the subdivisions, plaintiffs nonetheless pleaded sufficient facts—alleging that they were parties to the administrative proceeding who would be adversely affected as a direct result of Mitchell's decision to build the proposed road—to state a cause of action.

### IV. MANIFEST WEIGHT OF THE EVIDENCE

Finally, we address plaintiffs' argument that Mitchell's order was against the manifest weight of the evidence. Upon administrative review, the findings and conclusions of an administrative agency on questions of fact are considered *prima facie* true and correct. (Ill. Rev. Stat. 1991, ch. 110, par. 3—110; see also *Carver v. Bond/Fayette/Effingham Regional Board of School Trustees* (1992), 146 Ill. 2d 347, 355, 586 N.E.2d 1273, 1276-77.) Reviewing courts may not interfere with the discretionary authority vested in an administrative body unless that authority is exercised in an arbitrary or capricious manner, or the administrative decision is against the manifest weight of the evidence. (*Murdy v. Edgar* (1984), 103 Ill. 2d 384, 391, 469 N.E.2d 1085, 1088; *Board of Education of School District U-46 v. Illinois Educational Labor Relations Board* (1991), 216 Ill. App. 3d 990, 998, 576 N.E.2d 471, 475.) Thus, a reviewing court may not reweigh evidence or make an independent determination of the facts. (*Murdy*, 103 Ill. 2d at 391, 469 N.E.2d at 1088.) Instead, its sole function is limited to ascertaining whether the findings and decisions of the administrative agency are against the manifest weight of the evidence. *Garland v. Department of Labor* (1984), 104 Ill. 2d 383, 392, 472 N.E.2d 434, 437.

Plaintiffs argue that Mitchell erroneously considered evidence introduced at prior hearings in rendering his decision and improperly solicited and considered letters after the final hearing. Plaintiffs as-

sert that the final administrative decision of the county superintendent must be based exclusively on evidence received at the final hearing, and he may not consider evidence presented at prior hearings or which was not subject to cross-examination. Plaintiffs argue that because no evidence was presented at the final hearing in support of the petition, the circuit court must have improperly relied on extraneous information not introduced into evidence in rendering its decision. Thus, they conclude that the decision to grant the petition was against the manifest weight of the evidence.

■ An administrative agency cannot base its decision upon facts, data, and testimony which do not appear in the record. (*North Shore Sanitary District v. Pollution Control Board* (1972), 2 Ill. App. 3d 797, 801, 277 N.E.2d 754, 757; *Hazelton v. Zoning Board of Appeals* (1977), 48 Ill. App. 3d 348, 351, 363 N.E.2d 44, 47.) Moreover, findings must be based on evidence introduced in the case, and nothing can be treated as evidence which is not introduced as such because due process of law requires that all parties have an opportunity to cross-examine witnesses and to offer evidence in rebuttal. (*Hazelton*, 48 Ill. App. 3d at 351, 363 N.E.2d at 47.) Therefore, a decision pursuant to an administrative hearing must be based upon testimony and other evidence received at the hearing, and a conclusion influenced by extraneous considerations must be set aside. *Metropolitan Sanitary District v. Pollution Control Board* (1975), 62 Ill. 2d 38, 43, 338 N.E.2d 392, 395.

■ However, section 6—311 of the Highway Code does not preclude a county superintendent from considering the evidence at issue here. Instead, that section indicates that the technical rules of evidence governing proceedings in courts do not apply to such a hearing. (See Ill. Rev. Stat. 1991, ch. 121, par. 6—311(c).) Furthermore, the statutory scheme at issue requires successive hearings on petitions for the laying out of a new road. Therefore, we find that Mitchell did not improperly consider evidence presented at prior proceedings nor did he erroneously consider the letters submitted after the final hearing.

Without the ability to view evidence introduced at prior hearings, excessive duplication of evidence would occur. Moreover, when Mitchell stated his intention at the commencement of the final hearing in September 1991 to consider the evidence introduced at the prior proceedings and the letters, no one objected. The prior hearings dealt with the same issue as the final hearing, and plaintiffs were present and had the opportunity to rebut any testimony presented by the proponents to the petition. The views expressed in the letters essentially reiterated those expressed at the hearings. Although plaintiffs were

not parties to the condemnation proceedings and did not have an opportunity to cross-examine the witnesses, they were made aware that these proceedings would be considered and did not object.

Additionally, the testimony and evidence presented at the hearings supports the granting of the petition. A petition may only be granted if a specific finding is made that the new road would benefit both the economic and public interest of the township. Proponents of the petition testified that the new road would provide an additional entrance and exit to the subdivision for emergency vehicles and snow removal vehicles, which would be beneficial to the safety of all residents. This evidence alone supports the county superintendent's granting of the petition.

■ Moreover, even if consideration of the prior hearings were inappropriate, sufficient evidence was introduced at the final hearing to support the granting of the petition, contrary to the allegation of plaintiffs that no evidence in support of the petition was presented. While the majority of the evidence at the final hearing was presented by opponents of the petition, Tom Kratz, who resides at 49 Lakewood Drive, in Tanglewood Estates, testified in favor of the petition. He stated the proposed road would provide an additional entrance and exit to the two subdivisions. The additional outlet would alleviate traffic on Route 1950, which was a very narrow road, and provide an additional entrance for emergency vehicles if the original outlet was blocked. He also stated the exit from Tanglewood Estates sloped downward and was very dangerous in the winter. Being able to drive through the other subdivision would alleviate this dangerous situation.

### V. Conclusion

For the reasons stated, we affirm the order of the circuit court.

Affirmed.

McCULLOUGH and GREEN, JJ., concur.