NEIL MacGREGOR *et al.*, Plaintiffs-Appellants, v. BOARD OF TRUSTEES OF THE TEACHERS' RETIREMENT SYSTEM OF THE STATE OF ILLINOIS *et al.*, Defendants-Appellees.

Fourth District   No. 4—93—1007

Argued May 25, 1994.—Opinion filed June 23, 1994.

Anthony G. Scariano and Daniel M. Boyle (argued), both of Scariano, Kula, Ellch & Himes, Chartered, of Chicago Heights, for appellants.

Robert G. Lane, Steven F. Molo, and Timothy P. O'Connor (argued), all of Winston & Strawn, of Chicago, for appellees.

JUSTICE KNECHT delivered the opinion of the court:

Plaintiffs, Neil MacGregor, Robert Procunier, Richard Short and Richard Carrabine, brought this action under the Administrative Review Law (Ill. Rev. Stat. 1991, ch. 110, par. 3—101 *et seq.*) in the circuit court of Sangamon County to review a decision of the defendant, Board of Trustees of the Teachers' Retirement System of the State of Illinois, denying them earnings credit under the Illinois Teachers' Retirement System for contributions made to trust accounts by their employers known as "rabbi trusts." The decision of defendant was affirmed by the circuit court. We also affirm.

Plaintiffs, at the time their rabbi trusts were established, were school administrators and contributing members of the Teachers' Retirement System of the State of Illinois (TRS). TRS is a statewide pension plan for public school teachers and administrators outside

the City of Chicago governed by the provisions of articles 1 and 16 of the Illinois Pension Code (Pension Code). Ill. Rev. Stat. 1991, ch. 108¹/₂, pars. 1—101 *et seq.*, 16—101 *et seq.*

■ Each of the plaintiffs was the beneficiary of a rabbi trust set up for them in 1988 by their respective school districts, intending to defer a portion of their compensation. Rabbi trusts are trusts set up in an employee's name to which an employer makes an annual contribution for the benefit of the employee. Features of the trust include:

(1) contributions to the trust are not income currently taxable to the employee;

(2) interest accruing to the trust is not income currently taxable to the employee;

(3) assets in the trust are available only for eventual distribution to the employee except they are treated as assets of the employer and can be reached by the employer's creditors in case of insolvency; and

(4) assets are income taxable to the employee upon distribution to him.

Additionally, receipt of the compensation in plaintiffs' trusts is contingent on the future performance by them of "substantial services."

Whether contributions made to a given rabbi trust are eligible for tax deferral is a determination ultimately made by the Internal Revenue Service. In the instant case, TRS accepts for purposes of appeal the contributions made to plaintiffs' trusts are tax-deferred.

The school districts employing plaintiffs began reporting their contributions to the plaintiffs' rabbi trusts to TRS as creditable earnings for pension purposes in 1988. In 1990 plaintiffs discovered the TRS staff was not allowing such contributions to be reported as earnings for purposes of pension credit. Plaintiffs requested an administrative review by the defendant of the staff decision. Defendant held a hearing and on December 18, 1991, issued its written decision denying creditable earnings treatment to plaintiffs' rabbi trust contributions. Plaintiffs maintain defendant's denial of creditable earnings treatment for their rabbi trust contributions represents a departure from the clear and unambiguous language of article 16 of the Pension Code (Ill. Rev. Stat. 1991, ch. 108¹/₂, par. 16—101 *et seq.*) and of TRS' implementing regulations and, as such, is arbitrary and capricious and against the manifest weight of the evidence.

Reviewing courts will defer to an interpretation placed on a statute by the administrative agency charged with its administration and enforcement. (*Cherington v. Selcke* (1993), 247 Ill. App. 3d 768,

776, 617 N.E.2d 514, 519.) In addition, courts must not interfere with discretionary authority of an administrative agency unless exercise of the authority is arbitrary and capricious or the administrative decision is against the manifest weight of the evidence. *Novosad v. Mitchell* (1993), 251 Ill. App. 3d 166, 173, 621 N.E.2d 960, 965.

■ "Salary" for pension purposes is defined in both the Illinois Pension Code and the TRS administrative rules. (Ill. Rev. Stat. 1991, ch. 108½, par. 16—121; 80 Ill. Adm. Code § 1650.450 (1991).) Section 16—121 of the Pension Code defines "[s]alary" as: "The actual compensation received by a teacher during any school year and recognized by the system in accordance with rules of [defendant]." (Ill. Rev. Stat. 1991, ch. 108½, par. 16—121.) Section 1650.450 of title 80 of the Illinois Administrative Code, as it read in 1988 when plaintiffs' rabbi trusts first began, states "salary" includes contributions to deferred compensation plans, salary reduction plans and tax-sheltered annuities. (80 Ill. Adm. Code § 1650.450(a)(6) (Supp. 1986).) In addition, TRS issues a handbook entitled "Employer Guide" for employing school districts as a reference to its policies. At the time plaintiffs entered into their rabbi trust arrangements, the employer guide included the following under "Creditable Earnings" when referring to deferred compensation plans: "contributions to a deferred compensation plan under section 457 of the Internal Revenue Code [(26 U.S.C. § 457 (1988))]."

■ Plaintiffs argue their rabbi trusts constitute deferred compensation plans under section 457(f) of title 26 of the Internal Revenue Code (Code) (26 U.S.C. § 457(f) (1988)) and, therefore, fall under TRS' definition of a deferred compensation plan constituting creditable earnings. Section 457(f) of title 26 of the Code provides that where plans fail to meet the requirements of section 457(b) of title 26 of the Code (26 U.S.C. § 457(b) (1988) (deferred compensation plans of State and local governments and tax-exempt organizations)), contributions are immediately taxable to the employee in any year "in which there is no substantial risk of forfeiture." (26 U.S.C. § 457(f)(1)(A) (1988).) "[S]ubstantial risk of forfeiture" is established by showing "rights to such compensation are conditioned upon the future performance of substantial services by any individual." 26 U.S.C. § 457(f)(3)(B) (1988).

The Pension Code, however, prohibits the recognition of, as creditable earnings, compensation to which an employee does not have a vested right. Section 16—121 defines salary as "actual compensation received" during a school year (Ill. Rev. Stat. 1991, ch. 108½, par. 16—121), but contributions made to plaintiffs' rabbi trusts should not be considered received or vested when made as they were subject to a "substantial risk of forfeiture" because they were

contingent on the future performance of substantial services. Where a beneficiary's right is contingent on the occurrence of certain events, the right does not vest until the occurrence of the events. *Galvan v. Jackson Park Hospital* (1989), 187 Ill. App. 3d 774, 777, 543 N.E.2d 822, 824.

Plaintiff contends TRS accepts other nonvested annuities and plans, specifically section 457(b) plans and section 403(b) annuities (26 U.S.C. § 403(b) (1988)). Eligible deferred plans under section 457(b) of title 26 of the Code recognize only "includible compensation." (26 U.S.C. § 457(b)(2) (1988).) "[I]ncludible compensation," in turn, is compensation which, but for section 457(b), would be immediately taxable under section 457(a) since it is *not* subject to a substantial risk of forfeiture. (26 U.S.C. §§ 457(e)(5), (a) (1988).) The same is true of tax-sheltered annuities under section 403(b) and salary reduction plans under section 401(k)—the other forms of deferred compensation TRS also recognized for pension credit. (26 U.S.C. § 401(k) (1988).) The tax on plaintiffs' rabbi trust compensation, however, is deferred only because the compensation does not yet come within section 457(f)(3)(B) of title 26 of the Code, under which income is recognized when the taxpayer's right to the funds no longer is "conditioned upon the future performance of substantial services" and thus no longer is "subject to a substantial risk of forfeiture." 26 U.S.C. § 457(f)(3)(B) (1988).

Plaintiffs are confusing the legal right to compensation—which is vested in the forms of deferred compensation TRS does credit—with the risk the payer of the compensation may become insolvent prior to disbursement to the beneficiary and the deferred compensation could be reached by the payer's creditors, a danger common both to plaintiffs' rabbi trusts and to the forms of deferred compensation TRS does recognize for pension credit. The sole determinant for purposes of creditable earnings is whether the beneficiary's right is vested or contingent and, because plaintiffs' contributions are contingent, they do not fall under the statutory definition of salary.

Further, plaintiffs' rabbi trusts are not deferred compensation plans under section 457 of title 26 of the Code, as required by the TRS employer's guide. Plaintiffs misinterpret section 457(f), which they concede governs the tax treatment of their rabbi trusts. Section 457(f) provides in relevant part:

"(f) Tax treatment of participants where plan or arrangement of employer is not eligible
(1) In general
In the case of a plan of an eligible employer providing for a deferral of compensation, if such plan is not an eligible deferred compensation plan, then—

(A) the compensation shall be included in the gross income of the participant or beneficiary for the 1st taxable year in which there is no substantial risk of forfeiture of the rights to such compensation." 26 U.S.C. § 457(f)(1)(A) (1988).

Section 457(f) of title 26 of the Code is an income recognition rule which governs when compensation must be included in taxable income. Section 457(f) applies to deferred compensation only when the taxpayer's right to the funds is no longer contingent. Because plaintiffs' rabbi trust contributions were still subject to a substantial risk of forfeiture at the time earnings credit was requested, they do not come within section 457(f). Since plaintiffs have already admitted their rabbi trusts are not eligible plans within the meaning of section 457(b) of title 26 of the Code and they are not currently taxable under section 457(f), they are not deferred compensation under section 457, which the TRS employer's guide specifies they must be to be creditable earnings.

Defendant gave several other reasons for denying creditable earnings treatment to contributions to plaintiffs' rabbi trusts, which plaintiffs also dispute, but our finding the contributions do not fit the definitions of salary or creditable earning is dispositive of the case. We need not discuss them. Defendant's decision was not against the manifest weight of the evidence nor was it arbitrary or capricious.

Affirmed.

COOK and GREEN, JJ., concur.