KARIN KEMP-GOLDEN, Plaintiff-Appellant, v. THE DEPARTMENT OF CHILDREN AND FAMILY SERVICES, Defendant-Appellee (Douglas Poepsel, Defendant).

Fourth District   No. 4—95—0452

Argued February 21, 1996.—Opinion filed June 26, 1996.

Alan J. Novick (argued), of Jennings, Novick, Smalley & Davis, P.C., of Bloomington, for appellant.

James E. Ryan, Attorney General, of Chicago (Barbara A. Preiner, Solicitor General, and Mary E. Welsh (argued), Assistant Attorney General, of counsel), for appellee.

JUSTICE KNECHT delivered the opinion of the court:

Plaintiff, Karin Kemp-Golden, filed a complaint in the circuit court for declaratory relief and administrative review of a decision made by defendant, the Department of Children and Family Services (DCFS). DCFS filed a motion to dismiss the complaint, which the court granted, finding plaintiff lacked standing to seek the relief requested. Plaintiff appeals, arguing her complaint was erroneously dismissed and the regulatory scheme which denies her standing is unconstitutional. We disagree and affirm.

Plaintiff is the mother of a son, D.K. (born April 12, 1990). Doug Poepsel (Poepsel) is D.K.'s natural father. Plaintiff and Poepsel were never married but, after D.K.'s birth, plaintiff allowed Poepsel to take D.K. for visits and a court awarded Poepsel visitation rights.

On January 12, 1992, a scheduled visitation day, Poepsel spent six hours visiting with D.K. When Poepsel returned D.K. to plaintiff's home, plaintiff observed red abrasions on D.K.'s scrotum and penis. Plaintiff telephoned Poepsel and asked him what he had done with D.K. that day, but Poepsel would not tell plaintiff and stated it was none of her business. Concerned as to what may have happened to D.K., plaintiff called a hot line operated by DCFS to ask about possible indications of physical or sexual abuse. After speaking with a DCFS employee, plaintiff filed a report of possible physical or sexual abuse of D.K. by Poepsel with DCFS, in accordance with section 7 of the Abused and Neglected Child Reporting Act (Act) (325 ILCS 5/7 (West 1992)).

A DCFS investigator conducted an investigation and determined credible evidence of sexual molestation and the infliction of cuts, welts, and bruises had been indicated. Under section 7.14 of the Act, such a finding results in an "indicated" report of abuse, which is kept on file in a central state register. 325 ILCS 5/7.14, 7.7 (West 1992). Pursuant to section 7.16 of the Act, Poepsel filed a written request with DCFS asking it to expunge the indicated report on the grounds the findings in the report were inaccurate. This request was denied and, in accordance with section 7.16 of the Act, Poepsel was afforded a DCFS hearing at which the denial of his request was reviewed. 325 ILCS 5/7.16 (West 1992).

The hearing took place in September 1993, before an administrative law judge (ALJ). Plaintiff and her attorney were present for the hearing and plaintiff testified as a witness. However, plaintiff did not introduce evidence, examine witnesses or participate in any other manner. In February 1994, the ALJ issued his recommendation and opinion to the Director of DCFS, recommending DCFS expunge the report of sexual molestation, cuts, welts and bruises (Poepsel report) from the central register because credible evidence of such allegations had not been documented. The Director of DCFS adopted the ALJ's recommendation and DCFS expunged the Poepsel report. Plaintiff was not given notice by DCFS of its decision and learned of the expungement from Poepsel.

On March 23, 1994, plaintiff filed a complaint in the circuit court of McLean County requesting, in the first count, administrative review of the DCFS decision to expunge the Poepsel report. The second count was for declaratory relief, asking the court to hold the existing administrative procedure for adjudicating indicated reports was unconstitutional.

DCFS filed a motion to dismiss the complaint, contending plaintiff lacked standing to seek the relief she requested, and in August 1994, the court heard the arguments of the parties on the motion to dismiss. On August 11, 1994, the circuit court dismissed the first count of plaintiff's complaint, finding she did not have standing to obtain judicial review of the administrative decision because (1) it was unclear whether she was a party to the administrative proceeding and (2) even if she was a party to the proceeding, she was not aggrieved by the decision reached there. Additionally, the circuit court later found plaintiff did not have standing to seek the declaratory relief requested and dismissed the second count of her complaint on May 30, 1995.

Plaintiff has legitimate concerns regarding the protection of her son. However, under the applicable regulatory and statutory scheme,

she does not have standing to seek administrative review of the DCFS decision or to raise a constitutional challenge to the administrative standing provisions, and her complaint was properly dismissed.

■ We first consider whether plaintiff had standing to obtain judicial review of the DCFS decision to expunge the Poepsel report. Decisions made by DCFS are administrative decisions subject to judicial review under the Administrative Review Law (Review Law) (735 ILCS 5/3—101 *et seq.* (West 1994)). 325 ILCS 5/7.16, 11.6 (West 1994). Under the Review Law, the right to seek judicial review of an administrative decision is limited to parties of record at the administrative proceeding whose rights, privileges, or duties were adversely affected by the decision. *Williams v. Department of Labor*, 76 Ill. 2d 72, 78, 389 N.E.2d 1177, 1179 (1979); *Castleman v. Civil Service Comm'n*, 58 Ill. App. 2d 25, 28, 206 N.E.2d 514, 516 (1965); *Maybell v. Illinois Liquor Control Comm'n*, 246 Ill. App. 3d 14, 17, 614 N.E.2d 1370, 1373 (1993). Thus, one who was not a "party" to the administrative proceeding or is not "aggrieved by the agency decision" does not have standing to seek judicial review of the decision. *Williams*, 76 Ill. 2d at 79, 389 N.E.2d at 1180.

Accordingly, we must first determine whether plaintiff was a party to the administrative proceeding. Plaintiff contends she was a party to the administrative proceeding because sections 3 and 7.16 of the Act afford her party status. See 325 ILCS 5/3, 7.16 (West 1994).

■ Plaintiff argues she has standing to seek judicial review of the DCFS decision because section 7.16 of the Act allows "a subject of a report" to seek judicial review of certain decisions DCFS makes with respect to a report of abuse. Section 7.16 of the Act sets forth in part:

"[A] subject of a report may request the Department to amend, expunge identifying information from, or remove the record of the report from the [central State] register. *** If the Department refuses to do so or does not act within 30 days, the subject shall have the right to a hearing within the Department to determine whether the record of the report should be amended, expunged, or removed on the grounds that it is inaccurate or it is being maintained in a manner inconsistent with this Act. *** Decisions of the Department under this Section are administrative decisions subject to judicial review under the Administrative Review Law." 325 ILCS 5/7.16 (West 1994).

Plaintiff urges us to consider her a "subject of a report," able to request DCFS to amend, expunge information from or remove from the record a report, and seek judicial review of the DCFS decision regarding her request.

A threshold question is whether plaintiff can be considered a

"subject of a report." Section 3 of the Act defines "[s]ubject of report" as "any *child* reported to the central register of child abuse and neglect \*\*\* *and his* or her *parent,* guardian or other person responsible who is *also named in the report.*" (Emphasis added.) 325 ILCS 5/3 (West 1994). Plaintiff argues because she is D.K.'s mother, and the person who reported the alleged abuse, under the above definition she is a "subject of a report." However, such an interpretation is not supported by other related provisions, or the overriding purposes, of the Act.

■ The two purposes of the Act are to protect (1) any abused child and (2) any person erroneously accused of abuse. *Stull v. Department of Children & Family Services,* 239 Ill. App. 3d 325, 334, 606 N.E.2d 786, 792 (1992). Many provisions in the Act are designed to protect alleged abusers from the damaging effects of erroneous or false reports. See 325 ILCS 5/4, 7, 7.7, 7.14, 7.16 (West 1994); *Stull,* 239 Ill. App. 3d at 334, 606 N.E.2d at 792.

■ Although the definition found in section 3 of the Act does indicate a parent named in a report is a "[s]ubject of [a] report," when this phrase is examined in the context of the other provisions in which it appears, it becomes clear the phrase refers only to a parent named as an alleged perpetrator of abuse or neglect. To illustrate, section 7.19 of the Act states:

> "Upon request, a *subject of a report* shall be entitled to receive a copy of all information contained in the central register pertaining to *his case.* However, the Department may prohibit the release of data that *would identify or locate a person who,* in good faith, *made a report or cooperated* in a subsequent investigation." (Emphasis added.) 325 ILCS 5/7.19 (West 1994).

This language strongly indicates the legislature does not consider a person who *makes* a report to be a *subject* of the report; this section in fact protects those who make reports from possible retaliation by subjects of reports.

Section 10 of the Act also differentiates between a subject of a report and one who makes a report. It provides:

> "Any person who makes a report or who investigates a report under this Act shall testify fully in any judicial proceeding resulting from such report, as to any evidence of abuse or neglect, or the cause thereof. \*\*\* No evidence shall be excluded by reason of any common law or statutory privilege relating to communications between *the alleged perpetrator* of abuse or neglect, *or the child subject of the report* under this Act *and the person making* or investigating *the report.*" (Emphasis added.) 325 ILCS 5/10 (West 1994).

This section contemplates two categories of "subjects" of a report,

one category being the alleged perpetrator of abuse or neglect and the other category being "the *child subject*."

Although it may not be readily apparent from the language of section 7.16 alone, when read as a whole, we interpret the Act to intend a parent is "a subject of a report" only if he or she is named in the report as having abused or neglected his or her child.

Further, even if plaintiff could be considered a "subject of a report," she does not have standing to seek judicial review of the DCFS decision because under both the Act and the Illinois Administrative Code (Administrative Code) only decisions *denying* requests for amendment, expungement, or removal of reports are subject to judicial review.

Title 89, section 336.30, of the Administrative Code provides, "[a]ny person who has been named as a subject in a report of child abuse or neglect has the right to appeal any of the action(s) or inaction(s) listed in Section 336.40 of this Part." 89 Ill. Adm. Code § 336.30 (1994). Title 89, section 336.40, states:

"The following issues may be appealed through the appeal process:

a) an *indicated finding* of child abuse or neglect;

b) *failure to remove an unfounded report* of child abuse or neglect from the State Central Register within 30 calendar days of the determination that the report is unfounded, unless the report is being retained as a false report per the subject's request;

c) *refusal or failure to grant a request* for an internal child protection review within the time frames specified in this Part, *for the purpose of expunging or amending* information contained in the child abuse and neglect investigation record or *removing the record entirely*; and

d) *refusal or failure after an internal review to expunge, amend or remove information* about an indicated report of child abuse or neglect that the appellant believes is inaccurate or maintained in a manner inconsistent with the [Act]." (Emphasis added.) 89 Ill. Adm. Code § 336.40 (1994).

There is no provision in the Administrative Code creating the right to appeal a decision *to expunge* a report. It is noteworthy that had DCFS initially concluded no credible evidence of abuse was indicated and thus determined the report was "unfounded," there is no provision under the Act or the Administrative Code which would permit one in plaintiff's position to appeal such a determination. See 325 ILCS 5/7.12, 8.1 (West 1994).

As indicated above, under section 7.16 of the Act, a subject of a report may request amendment, expungement or removal of a report. Only if DCFS refuses to amend, expunge or remove a report, or fails

to act on a subject's request to do so, is the subject entitled to an administrative hearing and, potentially, judicial review of the DCFS decision.

Having examined the regulatory and statutory framework at issue, we conclude the provisions in the Act and Administrative Code addressing amendment, expungement and removal of reports are designed for the benefit of alleged perpetrators of abuse or neglect, not those in plaintiff's position. 325 ILCS 5/7.16 (West 1994). Accordingly, we hold plaintiff was not a subject of a report entitled to seek judicial review of the DCFS decision to expunge the Poepsel report.

■ Plaintiff alternatively contends she has standing to seek administrative review because the role she played at the administrative hearing was as a party or an intervenor. Plaintiff and her attorney attended the administrative hearing held in September 1993. At the commencement of the hearing, the ALJ asked everyone present to introduce themselves, which plaintiff's attorney did. During the presentation of evidence, plaintiff testified as a witness regarding the physical evidence of abuse she observed on D.K. Plaintiff argues such participation in the proceeding, in addition to her filing of the initial report against Poepsel, afforded her party status; however, plaintiff cites no authority in support of this contention.

In support of a related contention, plaintiff cites *Novosad v. Mitchell*, 251 Ill. App. 3d 166, 621 N.E.2d 960 (1993), in which nonparties were able to obtain judicial review of an administrative decision, in part due to their participation at the administrative hearing. There, this court allowed nonparties to seek review of an order entered by the superintendent of highways following an administrative hearing. At the administrative hearing, the plaintiffs had raised objections, presented evidence and examined witnesses. *Novosad* is distinguishable from the present case because there the substantive statute governing the administrative proceeding explicitly stated any person who raised objections and presented evidence could " 'obtain judicial review of such final administrative decision of the superintendent.' " *Novosad*, 251 Ill. App. 3d at 170-71, 621 N.E.2d at 964, quoting Ill. Rev. Stat. 1991, ch. 121, par. 6—315a. Here, on the other hand, there is no statutory authority for affording plaintiff party status based on her participation at the administrative hearing.

Plaintiff argues the circuit court conceded she was a party when it made its ruling regarding standing and quotes the following statement from the court's order, "although the plaintiff may have been a party she was not adversely affected sufficiently to give her standing." However, in making its ruling, the court stated plaintiff's status as a party "certainly is not entirely clear" and, having decided

plaintiff was not adversely affected by the administrative decision, declined to rule on her status as a party.

■ Last, plaintiff argues her participation in the administrative hearing amounted to *de facto* intervention to which no one objected and, consequently, vested her with party status. Plaintiff cites no authority in support of this proposition. Further, she mischaracterizes herself as an intervenor; an intervenor is typically one who becomes involved in a proceeding to ensure his or her interests are adequately represented and who participates thereafter as a party. Plaintiff merely testified as a witness at the administrative hearing, as she was statutorily required to do under section 10 of the Act. 325 ILCS 5/10 (West 1994).

The circuit judge analogized plaintiff's role in the DCFS proceeding to the role of a complaining witness in a criminal case, noting such a witness has no right to appeal the outcome of a criminal case in which he or she participated. We reject plaintiff's contention she was an intervenor in the administrative proceeding.

Although plaintiff filed the report of abuse against Poepsel and testified as a witness at the administrative hearing, such participation did not vest her with party status. Because we hold plaintiff was not a party to the administrative hearing, we need not determine whether she was "aggrieved" by the administrative decision, the second standing requirement under the Review Law.

The next issue involves plaintiff's challenge to the constitutionality of certain provisions of the Administrative Code. In dismissing plaintiff's count for declaratory relief, the circuit court found plaintiff lacked standing to seek a declaratory judgment regarding the constitutionality of the provisions, discussed above, which deny her standing to seek judicial review of the DCFS decision. On appeal, plaintiff does not address the issue of whether she has standing to raise a constitutional challenge, she only discusses the merits of her constitutional challenge. Since the circuit court did not reach the merits of her constitutional argument, but dismissed the count for declaratory relief solely on the standing issue, it was incumbent upon plaintiff to address her standing to raise a constitutional challenge on appeal.

Plaintiff specifically challenges the provisions in the Administrative Code which address who may appeal DCFS actions and what issues are appealable. 89 Ill. Adm. Code §§ 336.30, 336.40 (1994). Although these are agency regulations, because they were promulgated under the authority of the Act and substantively mirror the Act, we regard plaintiff's challenge as a challenge to a statute.

■ A party has standing to challenge the constitutionality of a

statute only insofar as it has an adverse impact on her own rights. *People v. Bailey*, 167 Ill. 2d 210, 232, 657 N.E.2d 953, 964 (1995). Thus, once DCFS raised plaintiff's lack of standing as an affirmative defense, plaintiff had to demonstrate she was a member of a class affected by the standing requirements of the Administrative Code. To do so, she would have to demonstrate injury in fact to a legally cognizable interest. *Greer v. Illinois Housing Development Authority*, 122 Ill. 2d 462, 492-93, 524 N.E.2d 561, 574-75 (1988). As the supreme court explained in *Greer*, the claimed injury must be (1) "distinct and palpable"; (2) "fairly traceable" to defendant's actions; and (3) substantially likely to be prevented or redressed by the grant of the requested relief. *Greer*, 122 Ill. 2d at 492-93, 524 N.E.2d at 575. Specifically, in an action for declaratory relief, there must be an actual controversy between adverse parties, and the party requesting the declaration must have some personal claim, status, or right which is capable of being affected by the claim for such relief. *Greer*, 122 Ill. 2d at 493, 524 N.E.2d at 575.

Thus, the relevant inquiry is whether plaintiff has some personal claim, status or right which would be affected by a declaratory judgment stating the standing provisions of the Administrative Code are unconstitutional. The clear answer is "no." Even if we found those provisions unconstitutional as violative of the separation of powers doctrine, as urged by plaintiff, the standing provisions in the Act, in conjunction with the rule of standing under the Review Law, would still preclude plaintiff from obtaining judicial review of the DCFS decision.

■ As to the merits of her constitutional challenge, plaintiff argues the standing requirements found in title 89, sections 336.30 and 336.40, of the Administrative Code violate the separation of powers doctrine because making determinations of standing is an exclusively judicial function which, she claims, has been performed by an executive agency, DCFS.

The provisions in the Administrative Code regarding who, as a subject of a report, may appeal what issues are almost identical to those in the Act, which was drafted by the legislature. Thus, although DCFS follows the regulations set forth in the Administrative Code, it is not exercising a function reserved to another branch of government, as plaintiff contends, but merely adopting provisions drafted by the legislature, as it is required to do.

Second, as DCFS points out, under the Illinois Constitution, courts have only such power to review administrative decisions as provided by law. Ill. Const. 1970, art. VI, §§ 6, 9. The General Assembly provided for judicial review of DCFS decisions exclusively

under the Review Law. 325 ILCS 5/7.16 (West 1994). At hearing, the court applied the Review Law rules of standing and determined plaintiff was without standing to seek judicial review of the DCFS decision. The legislature and the judiciary have determined plaintiff is without standing in this action, not DCFS as plaintiff alleges. Therefore, plaintiff's allegation of a violation of the separation of powers doctrine is meritless.

■ Finally, assuming, *arguendo*, plaintiff had standing to seek the relief she requested, we nonetheless decline her invitation to rule on the substantive issues raised in her complaint. At hearing, the circuit court dismissed both counts of plaintiff's complaint based on lack of standing and did not address the merits of either claim. Thus, we review only the judgment of the circuit court granting the DCFS motion to dismiss.

Under section 2—619(a)(9) of the Illinois Code of Civil Procedure (Code), a motion to dismiss must demonstrate "[t]hat the claim asserted against defendant is barred by other affirmative matter avoiding the legal effect of or defeating the claim." 735 ILCS 5/2—619(a)(9) (West 1994). Such "affirmative matter" may take the form of an affirmative defense. *Curtis v. Wolfe*, 160 Ill. App. 3d 588, 591, 513 N.E.2d 1139, 1141 (1987). In its motion to dismiss, DCFS raised an affirmative defense to both counts of plaintiff's complaint alleging she was without standing to seek the relief she requested. Once a defendant has satisfied its burden of going forward on its motion asserting an affirmative defense, if the plaintiff cannot establish the defense is unfounded, the motion may properly be granted. *Kedzie & 103rd Currency Exchange, Inc. v. Hodge*, 156 Ill. 2d 112, 116, 619 N.E.2d 732, 735 (1993).

The standard of review for motions under section 2—619 of the Code (735 ILCS 5/2—619 (West 1994)) is *de novo. Kedzie*, 156 Ill. 2d at 116, 619 N.E.2d at 735. Based on our interpretation of the standing provisions of the Review Law, the Act and the Administrative Code, and the rules of standing applicable to statutory challenges, we agree plaintiff was without standing to seek the relief requested and the circuit court properly dismissed her complaint.

Affirmed.

STEIGMANN and GARMAN, JJ., concur.