OFFICE OF THE ATTORNEY GENERAL · STATE OF TEXAS

November 6, 2001

Mr. Howard D. Graves, Chancellor
The Texas A&M University System
301 Tarrow, Sixth Floor
College Station, Texas 77840-7896

Opinion No. JC-0431

Re: Whether The Texas A&M University System is authorized to offer employees the opportunity to participate in a nonqualified program or plan under section 457(f) of the Internal Revenue Code consisting of the transfer of property (RQ-0396-JC)

Dear Mr. Graves:

The Texas A&M University System (the "System") has asked whether it "may offer some employees the opportunity to participate in an employer-sponsored program described by [section] 457(f) of the Internal Revenue Code of 1986, including that portion of any plan which consists of a transfer of property described in [section] 83 of the Internal Revenue Code of 1986."[1] We conclude that article 6228a-5, section 3(a) of the Texas Revised Civil Statutes authorizes the System to implement such a program. The System must submit a proposal for the program to the Employees Retirement System of Texas for its review and comment. The Internal Revenue Service is the proper authority to determine whether any particular transfer of property qualifies for tax deferral under sections 83 and 457(f) of the Internal Revenue Code.

We understand that the System would like to offer some employees additional benefits above and beyond traditional retirement and deferred compensation plans. See Request Letter, *supra* note 1, at 1. For example, the System might give an employee an option to purchase a certain amount of shares in a mutual fund "at a discount at date of grant."[2] "The employee would not be able to exercise the option until such time as he or she completes a stated term of employment with the

---

[1]Letter from Mr. Delmar L. Cain, General Counsel, The Texas A&M University System, to Honorable John Cornyn, Texas Attorney General (June 22, 2001) (on file with Opinion Committee) [hereinafter Request Letter].

[2]Letter from Mr. Scott A. Kelly, Deputy General Counsel, The Texas A&M University System, to Ms. Mary Crouter, Assistant Attorney General, Opinion Committee (July 9, 2001) (on file with Opinion Committee) [hereinafter System Letter].

University or the System."[3] You ask whether article 6228a-5, section 3(a) authorizes the System to offer such a plan.

Section 3 of article 6228a-5 provides as follows:

> (a) A state agency may permit some or all of the employees of the agency to participate in an employer-sponsored program described by Section 457(f) of the Internal Revenue Code of 1986, including subsequent amendments of that law.

> (b) Before a state agency begins sponsorship of a program under Subsection (a) of this section, the agency shall submit a proposal for the program to the Employees Retirement System of Texas for its review and comment.

> (c) In this section, "state agency" means a board, office, commission, department, institution, court, or other agency in any branch of state government.

TEX. REV. CIV. STAT. ANN. art. 6228a-5, § 3 (Vernon Supp. 2001). This provision authorizes a "state agency" to "permit some or all of the employees of the agency to participate in an employer-sponsored program described by Section 457(f) of the Internal Revenue Code of 1986." *Id.* § 3(a). The term "state agency" is broadly defined to mean "a board, office, commission, department, institution, court, or other agency in any branch of state government," *id.* § 3(c), and clearly includes the System, an agency or institution in the state executive branch, *see* TEX. EDUC. CODE ANN. § 61.003(3), (4), (6), (8) (Vernon Supp. 2001) (defining The Texas A&M University System as an "agency of higher education" and including its universities within the meaning of "institution of higher education"). Therefore we conclude that article 6228a-5 authorizes the System to "permit some or all of [its] employees . . . to participate in an employer-sponsored program described by Section 457(f) of the Internal Revenue Code of 1986." TEX. REV. CIV. STAT. ANN. art. 6228a-5, § 3(a) (Vernon Supp. 2001).

Because the System would like to offer employees a plan that involves the transfer of property, such as shares in a mutual fund, we are asked more particularly whether the System may offer a plan under section 83 of the Internal Revenue Code. *See* Request Letter, *supra* note 1; System Letter, *supra* note 2. We conclude that article 6228a-5, section 3 permits the System to offer a plan consisting of transfers of property as "an employer-sponsored program described by Section 457(f)." TEX. REV. CIV. STAT. ANN. art. 6228a-5, § 3(a) (Vernon Supp. 2001).

---

[3]*Id.*

Section 457 of the Internal Revenue Code provides that compensation deferred by a participant under an eligible deferred compensation plan is not includible in the participant's gross income until the taxable year in which the compensation is paid or made available to the participant. *See* 26 U.S.C. § 457(a) (1994). Subsection (b) sets forth the maximum amount of income that may be deferred under a plan for a tax year and establishes other rules for eligible deferred compensation plans. *See id.* § 457(b) (1994 & Supp. V 1999). Employers eligible to offer a deferred compensation plan under section 457(b) include state and local governments and tax-exempt organizations. *See id.* § 457(e)(1) (1994).

The Texas statute at issue, article 6228a-5, refers to subsection (f) of section 457, which governs the tax treatment of a participant in a plan offered by an eligible employer that is *not* a qualified plan under subsection (b). As one court has noted, section 457(f) "is an income recognition rule which governs when compensation must be included in taxable income." *MacGregor v. Bd. of Trs. of the Teachers' Ret. Sys. of the State of Ill.*, 636 N.E.2d 83, 86 (Ill. App. Ct. 1994). In general, when an eligible employer, such as a state agency, offers a plan deferring compensation that is not an eligible deferred compensation plan under section 457(b),

> (A) the compensation shall be included in the gross income of the participant or beneficiary for the 1st taxable year in which there is no substantial risk of forfeiture of the rights to such compensation, and
>
> (B) the tax treatment of any amount made available under the plan to a participant or beneficiary shall be determined under section 72 (relating to annuities, etc.).

26 U.S.C. § 457(f)(1) (1994). The rights of a person to compensation are subject to "a substantial risk of forfeiture" if such person's rights to such compensation "are conditioned upon the future performance of substantial services by any individual." *Id.* § 457(f)(3)(B). In subsection (f), the term "plan" includes "any agreement or arrangement." *Id.* § 457(f)(3)(A).

Subsection (f)(2) of section 457 provides several exceptions to the general rule for certain types of plans, including: "that portion of any plan which consists of a transfer of property described in section 83." *Id.* § 457(f)(2)(C) (Supp. V 1999). Section 83, in turn, establishes an income recognition rule for transfers of property. *See id.* § 83 (1994). As with ineligible deferred compensation plans under section 457(f)(1), section 83 provides that the value of property transferred from an employer to an employee shall be included in the employee's gross income "in the first taxable year in which the rights of the person having the beneficial interest in such property are transferrable or are not subject to a substantial risk of forfeiture." *Id.* § 83(a). The rights of a person in property "are subject to a substantial risk of forfeiture" if "such person's rights to full

enjoyment of such property are conditioned upon the future performance of substantial services by any individual." *Id.* § 83(c)(1).

Again, article 6228a-5, section 3(a) of the Texas Revised Civil Statutes authorizes the System to "permit some or all of [its] employees . . . to participate in an employer-sponsored program *described* by Section 457(f) of the Internal Revenue Code of 1986." TEX. REV. CIV. STAT. ANN. art. 6228a-5, § 3(a) (Vernon Supp. 2001) (emphasis added). As we have noted, section 457(f) is an income recognition rule and does not authorize employer-sponsored programs, deferred compensation plans, or other employee benefits. It does, however, in the words of the Texas statute, "describe" deferred compensation plans that are not eligible for tax deferral under section 457(b). And subsection (f)(2) specifically describes a plan involving the transfer of property, the taxation of which is governed by section 83. *See* 26 U.S.C. § 457(f)(2)(C) (Supp. V 1999). Although the Texas statute is somewhat awkwardly worded, we have no doubt that the Legislature intended article 6228a-5, section 3(a) to authorize state agencies to offer plans deferring compensation that are not eligible plans under section 457(b). Because section 457(f) describes a "plan which consists of a transfer of property described in section 83," *id.* § 457(f)(2)(C), we conclude that article 6228a-5, section 3 authorizes the System to offer such a plan.

We note that article 6228a-5 requires a state agency to submit a proposal for a section 457(f) plan to the Employees Retirement System of Texas for its review and comment. *See* TEX. REV. CIV. STAT. ANN. art. 6228a-5, § 3(b) (Vernon Supp. 2001). Before establishing a section 457(f) plan, a state agency might also want to consider the plan in light of other statutory schemes, such as the appropriations act, the state salary schedule system, applicable state retirement provisions, and federal tax laws, none of which we address here. The Internal Revenue Service, rather than this office or the Employees Retirement System, would be the proper authority to determine whether any particular transfer of property qualifies for tax deferral under sections 83 and 457(f). *See* Tex. Att'y Gen. Op. No. JC-0197 (2000) at 3 ("Whether a given deferred-compensation plan qualifies for tax deferral under 26 U.S.C. § 457 is a determination ultimately to be made by the Internal Revenue Service.") (citing *Arizona Governing Comm. for Tax Deferred Annuity & Deferred Compensation Plans v. Norris*, 463 U.S. 1073, 1076 n.1 (1983)).

## S U M M A R Y

Article 6228a-5, section 3(a) of the Texas Revised Civil Statutes authorizes state agencies, including The Texas A&M University System, to offer a program "described by Section 457(f) of the Internal Revenue Code of 1986." TEX. REV. CIV. STAT. ANN. art. 6228a-5, § 3(a) (Vernon Supp. 2001). Because section 457(f) describes a deferred compensation "plan which consists of a transfer of property described in section 83" of the Internal Revenue Code, *see* 26 U.S.C. § 457(f)(2)(C) (Supp. V 1999), article 6228a-5 authorizes the System to offer such a plan.

Yours very truly,

JOHN CORNYN
Attorney General of Texas

HOWARD G. BALDWIN, JR.
First Assistant Attorney General

NANCY FULLER
Deputy Attorney General - General Counsel

SUSAN D. GUSKY
Chair, Opinion Committee

Mary R. Crouter
Assistant Attorney General, Opinion Committee